STATE EX REL. VANDERHEI, Petitioner, vs. MURPHY, Warden of the Wisconsin State Prison, Respondent.

*October 13—November 14, 1944.*

*H. S. Siggelko* of Madison, for the petitioner.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

MARTIN, J.   The following appears from the petition for writ of *habeas corpus* and the return filed thereto by the

respondent L. F. Murphy, warden of the Wisconsin state prison at Waupun, Wisconsin:

On October 18, 1937, petitioner was convicted on his plea of guilty in the county court of Wood county of having embezzled an amount more than $100 and less then $1,000. Upon said conviction he was sentenced to a term of one to five years in the Wisconsin state prison. Execution was stayed and he was placed on probation to the department of public welfare, pursuant to sec. 57.01, Stats. The maximum term of imprisonment for the offense being five years (sec. 343.20, Stats.), the initial period of probation was likewise five years, and would have expired October 18, 1942.

Under sec. 57.01 (2), Stats., the county court of Wood county on September 10, 1942, made an order extending the period of probation one year to enable defendant to meet the conditions of his probation, he having theretofore failed to make restitution and pay the court costs as required by the terms of the original order placing him on probation. He had also violated other conditions of his probation. On May 8, 1943, the department of public welfare ordered that his probation be terminated and that he be taken into custody to serve his sentence by reason of certain violations of the terms of his probation. His imprisonment is by virtue of this order of the department of public welfare, made under sec. 57.03 (1), which provides:

"Whenever it appears to the state department of public welfare that any such probationer in its charge has violated the regulations or conditions of his probation, the said department may, upon full investigation and personal hearing, order him to be brought before the court for sentence upon his former conviction, which shall then be imposed without further stay, or if already sentenced to any penal institution, may order him to be imprisoned in said institution, and the term of said sentence shall be deemed to have begun at the date of his first detention at such institution. A copy of the order of the department shall be sufficient authority for the officer ex-

ecuting it to take and convey such probationer to the court or to the prison; but any such officer may, without order or warrant, whenever it appears to him necessary in order to prevent escape or enforce discipline, take and detain the probationer and bring him before the board for its action."

Defendant was not before the court on September 10, 1942, to be sentenced; he had been sentenced on October 18, 1937. However, being advised on September 10, 1942, that defendant had failed to make restitution and pay the court costs as required by the terms of the original order placing him on probation, the court by its order merely extended his probation for one year to enable defendant to meet the conditions of his probation. Counsel for defendant contends that the court was without jurisdiction to enter the order of September 10, 1942, and that said order is null and void, although conceding that if said order had been made on October 18, 1942, it would be valid. Counsel bases this argument on the provisions of sec. 57.01 (2), Stats., which provides:

"Such adult may be returned to such court on the original charge for sentence, at any time within such period of probation; and upon the expiration of such period he may be sentenced, discharged, or continued under probation for an additional period to be then fixed by the court, subject to like return, discharge, sentence, or further probation thereafter."

The first clause above quoted has no application in the instant case; defendant was not returned to the court to be sentenced, he had been sentenced on October 18, 1937. We are here concerned with the last clause, in connection with which defendant's counsel argues that it is only upon the expiration date of the original period of probation that the court would have jurisdiction to extend the period of probation. We think this an extremely technical interpretation of the statute. The order of September 10, 1942, *extended* the original period of probation one year. It became effective on the expiration date

of the original period. It was obvious to both the state department of public welfare and the court that the defendant could not meet the conditions of his probation on or before October 18, 1942.

It is clear that the court had the power and jurisdiction to extend the period of probation. The only question is: May the court do so within a reasonable time in advance of the original expiration date? In the instant case the order extending the period of probation was made and entered one month and eight days before the expiration date. Many good and sufficient reasons may exist why the court should act on extending the period of probation before the last day of the original period, and such action on the part of the court may be beneficial to the defendant. For example, in the instant case, if the court had not given the defendant an additional year within which to make restitution of the moneys embezzled and pay the court costs, the department of public welfare might have, prior to October 18, 1942, revoked defendant's probation for that very reason and ordered him to be imprisoned, and the term of his sentence would be deemed to have begun at the date of his first detention in the state prison. As appears from the record, with the extended period of probation defendant failed to make restitution and pay the court costs, and finally, on May 8, 1943, the department of public welfare ordered that his probation be terminated and that he be taken into custody to serve his sentence by reason of violations of the terms of his probation. It is by virtue of that order that defendant is now serving his sentence in the state prison at Waupun.

Our laws relating to probation must have a reasonable, common-sense interpretation. Our probation system is in the interests of society as a whole and of the transgressors of our laws in particular. We hold that the order of September 10, 1942, extending the period of probation one year, was made by the court within a reasonable time of the expiration

date of the original period of probation; that defendant is lawfully imprisoned in the Wisconsin state prison at Waupun, Wisconsin; and that the petition for a writ of *habeas corpus* should be denied.

*By the Court.*—Writ denied.