STATE, Respondent, v. GLOUDEMANS, Appellant.

*No. 75-342-CR. Argued June 4, 1976.—Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 220.)

For the appellant there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

ROBERT W. HANSEN, J. The defendant was found guilty by the jury of the crime of homicide by negligent use of a weapon.[1] The maximum sentence that the trial court could impose for this crime is a fine of not more than $1,000 or imprisonment for not more than one year in the county jail or both.[2] On such misdemeanor conviction, the trial court may withhold sentence or impose sentence and stay its execution, placing the defendant on probation for not less than six months, nor more than two years.[3]

---

[1] Contrary to sec. 940.08, Stats.

[2] *Id.*

[3] Sec. 973.09 (1) and (2) (a), Stats.

In the case before us, the trial court withheld sentence and placed the defendant on two years' probation with the following conditions: (1) Defendant was to spend the first year of probation in the county jail; (2) defendant was to receive counseling during the period of probation; and (3) defendant was to pay $500 to the family of the deceased victim for funeral expenses. The challenge is to the authority of the trial court to require as a condition of probation that this defendant be confined in the county jail for a period of one year.

The state legislature has provided that a trial court in this state may require as a condition of probation ". . . that the probationer be confined in the county jail between the hours or periods of his employment during such portion of his term of probation as the court specifies, but not to exceed one year. . . ."[4] In holding that such confinement during nonworking hours, imposed as a condition of probation, is not "serving a sentence,"[5] our court has made clear that: "By virtue of sec. 973.09 (4) a court may make as a condition of probation that the probationer be confined in the county jail between the hours of his employment."[6]

In the case before us, the trial court ordered confinement in the county jail for one year as a condition of probation without the work-release privilege provided for in sec. 973.09 (4), Stats. The trial judge read the statute to provide that a trial court may grant work-release privileges when he orders confinement as a condition of probation, but is not required by the statute to do so. We disagree. We find the statute clear and unambiguous, and, this being so, the legislative intent is to be found ". . . by giving the language its ordinary

---

[4] Sec. 973.09 (4), Stats.

[5] *Prue v. State* (1974), 63 Wis. 2d 109, 113, 216 N. W. 2d 43.

[6] *Id.* at page 112.

and accepted meaning."[7] The clear language of the statute authorizes trial courts to attach as a condition of probation confinement in the county jail "between the hours or periods of his employment."[8] Nowhere in the statute is there reference or authorization of full confinement, up to one year, being made a condition of probation. Our court has held that: "Our laws relating to probation must have a reasonable, common-sense interpretation."[9] We find the only reasonable construction of sec. 973.09 (4) to be that it authorizes as a condition of probation that the probationer be confined in the county jail only between the hours or periods of his employment during such portion of his term of probation as the court specifies, but not to exceed one year.

It follows that the trial judge here exceeded his authority under sec. 973.09 (4), Stats., when, as a condition of probation, he ordered this defendant confined in the county jail, without work privileges, for a period of one year. Holding it to be beyond the authority of the court to impose, we order stricken from the trial court's judgment placing this defendant on probation the condition that this defendant be confined in the county jail for a period of one year. This deletion of an unauthorized condition leaves the judgment of the trial court as to disposition otherwise unchanged. The sentence remains withheld. The defendant remains on probation for the two-year period directed by the trial court, with the two remaining specific conditions of his probation being, (1) that the defendant is to receive counseling during the probationary period, and (2) defendant is to pay the family of the deceased victim $500 toward

[7] *West Allis v. Rainey* (1967), 36 Wis. 2d 489, 495, 153 N. W. 2d 514. *See also: Recht-Goldin-Siegal Const. v. Dept. of Revenue* (1974), 64 Wis. 2d 303, 306, 219 N. W. 2d 379.

[8] Sec. 973.09 (4), Stats.

[9] *State ex rel. Vanderhei v. Murphy* (1944), 246 Wis. 168, 171, 16 N. W. 2d 413.

funeral expenses. The case is remanded with directions to strike the condition of confinement for one year from the judgment granting probation to this defendant.

As to defendant's motion for credit for periods of pretrial incarceration on any sentence imposed by the trial court, we affirm the trial court's denial of such motion. No sentence was here imposed. Sentence was withheld, and the defendant was placed on probation. As to defendant's motion for credit for periods of preconviction incarceration on a period of confinement imposed as a condition of probation, we affirm the trial court's denial of such motion. While we have held that the condition of probation, *i.e.,* full confinement for one year in the county jail, must be stricken as being beyond the authority of the trial court, under sec. 973.09 (4), Stats., we hold that claims of credit for pretrial or preconviction incarceration may be made only as to sentences imposed, and not to periods of confinement during nonworking hours imposed as a condition of probation under sec. 973.09 (4).[10] As to defendant's motion seeking modification of the condition of probation imposed, requiring one-year jail confinement without work-release privileges, we have held that such condition was beyond the authority of the court to impose under sec. 973.09 (4), and have stricken it from the judgment placing this defendant on probation for two years. That substitutes deletion for modification of the condition challenged.

*By the Court.*—Judgment modified to strike the condition of probation requiring one-year confinement without work-release privileges in the county jail and, as modified, affirmed. Order denying credit for pretrial and preconviction incarceration is affirmed.

---

[10] *See: State v. Wills* (1975), 69 Wis. 2d 489, 493, 494, 230 N. W. 2d 827, our court there holding deprivation of liberty during nonworking hours for the first year under probation not to be credited on sentence subsequently imposed, it being ". . . a condition of probation, not part of a sentence of imprisonment, and not time spent in custody prior to conviction."