STATE, Plaintiff in error, v. BALGIE, Defendant in error.

*No. 75–652–CR. Submitted on briefs February 2, 1977.—Decided March 1, 1977.*
(Also reported in 251 N. W. 2d 36.)

For the plaintiff in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

For the defendant in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Richard M. Sals,* assistant state public defender.

HANLEY, J.    The sole issue presented is whether the trial court had authority to extend a probation for a period of one year where the original probation was revoked.

An examination of the statute delineating the power of the trial court upon revocation of a defendant's probation reveals the trial judge did exceed his authority.

Sec. 973.10 (2), Stats., provides in relevant part:

"(2) If a probationer violates the conditions of his probation, the department may order him brought before the court for sentence which shall then be imposed without further stay or if he has already been sentenced, may order him to prison; and the term of the sentence shall begin on the date he enters the prison. . . ."

Under this subsection, where the defendant has not already been sentenced, he is "brought before the court for sentence which shall then be imposed without further stay." Thus, the statute provides the trial court *shall* impose sentence. While on occasion, the court has construed the word "shall" to mean "may," *State ex rel. Werlein v. Elamore,* 33 Wis.2d 288, 293–94, 147 N.W.2d 252, 255 (1967), those factors which might lead to such a conclusion are not present in this case. This is not a situation where the statutory provision is "not of the essence of the thing to be done," and therefore may be construed merely directory. *See* 2 Sutherland, *Statutory Construction* sec. 2802 at 216 (3d ed. 1973); *Estate of Alexander,* 75 Wis.2d 168, 184–85, 248 N.W.2d 475, 484 (1977). The statute even excludes the judicial prerogative of staying the sentence imposed. That a probation violator who is ordered to appear before the trial court be sentenced is the objective of this statutory section. It is not concerned simply with procedure and, therefore, permits only the construction that its terms were intended to be mandatory.

Since sec. 973.10 (2) mandates that the defendant brought again before the trial court after probation revocation be sentenced, there can be no allowance for the imposition of probation. In *Prue v. State,* 63 Wis.2d 109, 216 N.W.2d 43 (1974), this court stated, "Certainly in

this subsection [973.10(2)] 'sentence' does not include probation." *Id.* at 116, 216 N.W.2d at 46.

It follows, therefore, that the trial judge exceeded his authority under sec. 973.10(2) when, in addition to a ten month sentence under the Huber Law of sec. 56.08, Stats., he extended defendant's term of probation. This conclusion presents a situation similar to that in *State v. Gloudemans,* 73 Wis.2d 514, 243 N.W.2d 220 (1976), where the trial judge had exceeded his authority under sec. 973.09(4), Stats., when, as a condition of probation, he ordered the defendant confined in the county jail, without work privileges, for a period of one year. This court resolved the problem in *Gloudemans* by ordering the condition of confinement, that aspect of the trial judge's judgment which was beyond his authority, stricken. The instant case may be resolved in the same manner. Therefore, the portion of the order extending the defendant's probation is hereby stricken. Striking this portion of the order will not basically affect the trial court's disposition in this case. The defendant will remain incarcerated for a period of ten months with work privileges under the Huber Law.

*By the Court.*—Order modified to strike the portion of the order which extends defendant's probation for one year and, as modified, affirmed.