STATE, Plaintiff-Appellant, v. SYKES,
Defendant-Respondent.†

Court of Appeals

No. 78–738. *Submitted on briefs June 5, 1979.—*
*Decided July 30, 1979.*
(Also reported in 283 N.W.2d 446.)

For the appellant the cause was submitted on the briefs
of *Bronson C. La Follette,* attorney general, and *Michael
R. Klos,* assistant attorney general.

For the respondent the cause was submitted on the
brief of *Richard L. Cates,* state public defender, of Madi-
son, *William J. Tyroler,* assistant state public defender,

---

† Petition to review denied.

of Milwaukee, and *William G. Retert,* first assistant public defender, of Fond du Lac.

Before Dean, P.J., Donlin, J., and Foley, J.

FOLEY, J. The state appeals from an order discharging defendant Sykes from a detainer lodged against him by the State of Illinois under sec. 976.05, Stats. The issue is whether the state's failure to promptly bring Sykes before the court to permit compliance with the thirty-day hearing requirement of sec. 976.06, Stats.,[1] required the discharge.

Sykes is a prisoner at the Wisconsin State Prison at Waupun. A detainer was lodged against him on June 16, 1978, based on indictments for two crimes and an arrest warrant in Illinois. He received notice of the detainer on June 20. On June 23, prison authorities informed him of his right to petition the governor to deny the request. His subsequent petition to the governor was denied on July 24. His first appearance before the circuit court was on August 14. The court informed him at this appearance of his right to resist the detainer request for temporary transfer of custody to Illinois including his right to oppose the request in court with the aid of counsel. He subsequently requested and secured issuance of a

[1] Section 976.06, Stats., provides in pertinent part:

AGREEMENT ON DETAINERS; ADDITIONAL PROCEDURE. Following receipt of the officer's written request as provided in s. 976.05(1), Article IV(a), the prisoner shall forthwith be taken before a judge of a court of record of this state, who shall inform the prisoner of the request for temporary custody or availability, the crime with which charged and that the prisoner has the right to petition the governor to deny the request, to contest the request and to demand and procure legal counsel. If the prisoner or the prisoner's counsel shall state that the prisoner or the prisoner and counsel desire to test the legality of granting temporary custody or availability, the judge shall set a date for hearing which shall be not later than the expiration of the 30-day period established by s. 976.05(1) Article IV(a).

writ of habeas corpus to challenge the state's failure to comply with sec. 976.06, Stats., and a hearing on the writ was held on October 2.

Following the October 2 hearing, the court ordered Sykes discharged from the detainer. Discharge was based upon the state's failure to bring Sykes before the court until almost two months after the prison authorities received the request and failure to provide a hearing for over three months after receipt of the request. The court held that sec. 976.06, Stats., required the state to bring Sykes before the court immediately upon receipt of the detainer request, and required a hearing, if demanded, within thirty days of receipt of the request.[2]

We agree with the circuit court that the thirty-day hearing requirement of sec. 976.06, Stats., is mandatory. The supreme court has noted that a statute requiring that something "shall" be done is directory as opposed to mandatory only if the provision is "not of the essence of the thing to be done." *State v. Balgie,* 76 Wis.2d 206, 208, 251 N.W.2d 36, 37 (1977). The court has also said that "[a] time provision should be construed as directory only if an injury or wrong could not be presumed to result . . . ." *State v. Rosen,* 72 Wis.2d 200, 208, 240 N.W.2d 168, 172 (1976).

In sec. 976.06, Stats., time is of the essence because injury may be presumed from unnecessarily prolonging the prisoner's status as one subject to a detainer. As stated in *State ex rel. Garner v. Gray,* 59 Wis.2d 323, 333, 208 N.W.2d 161, 166 (1973):

---

[2] The state argues that the 30-day period only begins to run from the date the prisoner is initially brought before the judge. This contention ignores the plain meaning of the statute which refers to the period defined in §976.05(1) art. IV(a) as the 30 days "after receipt by the appropriate authorities" of the request for transfer of custody.

Several authors have noted the adverse effects upon a prisoner resulting from a detainer being lodged against him. Thus, for example, he may be held under maximum security, he may be denied transfer to a minimum security area or prison, he may be denied the privilege of becoming a trustee or a job which involves a degree of trust. Further, and of great importance to the prisoner, he may be denied parole because of a detainer filed against him. [Footnotes omitted.]

■

Additionally, the drafters of the Uniform Act on Detainers adopted in Wisconsin as sec. 976.05, Stats., also recognized the harmful effect of detainers and declared a policy of providing speedy disposition of detainer proceedings in the Act's statement of purpose.[3] Failure, therefore, by the state to bring the defendant before the court for over two months following receipt of the detainer, or to provide a hearing for over three months, violated the express purpose of the Act by denying a speedy disposition. This delay by the state required discharge of the defendant from the detainer, and we therefore affirm the order of the circuit court.

*By the Court.*—Order affirmed.

---

[3] Article I of §976.05(1), Stats., provides:

The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement *to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers . . . .* [Emphasis added.]