166 Wis.2d 27 (1991)
479 N.W.2d 178
IN the MATTER OF the REQUEST FOR TEMPORARY PHYSICAL CUSTODY OF: Luigi AIELLO, Appellant,[]
v.
STATE of Wisconsin, Respondent.
No. 90-1885.
Court of Appeals of Wisconsin.
Submitted on briefs July 2, 1991.
Decided November 21, 1991.
*28 For the appellant the cause was submitted on the briefs of Arik J. Guenther of Guenther & Haza, Ltd. of Campbellsport.
*29 For the respondent the cause was submitted on the briefs of James E. Doyle, attorney general, and Michael R. Kloss, assistant attorney general.
Before Gartzke, P.J., Dykman and Sundby, JJ.
DYKMAN, J.
Luigi Aiello appeals from an order granting the State of Arizona's request for Aiello's temporary custody pursuant to the Interstate Agreement on Detainers.[1] On appeal, Aiello contends: (1) that the request is barred by res judicata; (2) that the request violated sec. 976.06, Stats; and (3) that the documentation accompanying the request was insufficient. We reject each of these contentions and, therefore, affirm.
I. BACKGROUND
Aiello is incarcerated in the Waupun Correctional Institution in Waupun, Wisconsin. On three previous occasions, the State of Arizona lodged detainer requests for temporary custody of Aiello pursuant to sec. 976.05(4), Stats.[2] The first request was never processed. *30 The second was dismissed because of improper document certification. Arizona did not appeal the dismissal of the second request but, instead, submitted a third request in the same case. The trial court granted that request. We reversed, concluding that, "[t]he final order entered May 24, 1988 disposed of all proceedings in case No. 88-CC-11. Further orders entered in that case were without effect." State of Wisconsin ex rel. Aiello v. Circuit Court for Columbia County, No. 88-1209, unpublished slip op. at 3 (Wis. Ct. App. May 25, 1989).
On March 23, 1990, the State of Arizona lodged a fourth detainer request. At a detainer rights hearing held pursuant to sec. 976.06, Stats.,[3] Aiello objected to the legality of the request. A hearing was held on April 16, 1990. The trial court granted the request, concluding that Arizona had fully complied with the Interstate Agreement on Detainers. Aiello appeals.
*31 II. RES JUDICATA
[1]
Aiello urges that further efforts by the State of Arizona to obtain his temporary custody are barred by res judicata because of Arizona's prior failure to comply with the Interstate Agreement on Detainers. Res Judicata bars relitigation of issues which were raised or which might have been raised in an action between the same parties in which a final judgment was entered on the merits. Allen v. McCurry, 449 U.S. 90, 94 (1980); Juneau Square Corp. v. First Wisconsin Nat'l Bank, 122 Wis. 2d 673, 682, 364 N.W.2d 164, 169 (Ct. App. 1985).
[2]
Res Judicata is not applicable in this case because each of the prior proceedings was dismissed before the merits of the case could be reached. The first request was not processed. The second and third were dismissed because of the initial improper document certification. Res Judicata should not be applied to bar multiple detainer requests by a requesting state where prior requests were dismissed because of the inadequacy or insufficiency of the requesting documents. To hold otherwise would render the Arizona indictment unenforceable while Aiello is imprisoned in Wisconsin. This result would hardly advance the purpose of the agreement: "[T]o encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." Section 976.05(1), Stats. Our conclusion is consistent with decisions from other jurisdictions holding that, under the Uniform Criminal Extradition Act,[4] prior dismissal of procedurally defective *32 extradition requests will not bar subsequent extradition proceedings.[5]
III. SECTION 976.06, STATS.
Aiello contends that the detainer request violates sec. 976.06, Stats. Section 976.06 requires that, upon receipt of a detainer request, the state bring the prisoner immediately before the court and, if demanded, hold a hearing within thirty days of the request. State v. Sykes, *33 91 Wis. 2d 436, 438, 283 N.W.2d 446, 447-48 (Ct. App. 1979). Aiello argues that the initial detainer request set the clock running on the thirty-day mandatory hearing requirement and that this initial deadline could not be altered by filing subsequent detainer requests.
[3]
We disagree. Section 976.06, Stats., requires a hearing within thirty days of receipt of a written "request." Section 976.06 nowhere proscribes the filing of multiple detainer requests. We will not impose such a requirement. We conclude that because Aiello had a hearing within thirty days of the date the fourth detainer request was lodged, the requirements of sec. 976.06 were satisfied.
IV. SUFFICIENCY OF DOCUMENTATION
[4]
Aiello argues that the documentation submitted by the State of Arizona was inadequate. He argues that the state violated the "best evidence" rule by submitting a copy, rather than the original, of the exemplification form. Our review of the record indicates that, in response to Aiello's objection at the hearing, the state introduced the original of the form. This cured any "best evidence" defect in the documentation.
Aiello contends that the certification of the exemplification form is invalid. The exemplification form indicates that the Arizona judge signed the document on March 19, 1990. The clerk of court's certification of the form, however, is dated March 16, 1990.
[5]
Section 976.05(4)(a), Stats., only requires that the request be "duly approved, recorded and transmitted" by the receiving state. There is no requirement that the judge's signature be certified as genuine. Nevertheless, at *34 the hearing the state produced an Arizona deputy county attorney who testified that the judge's signature was genuine. We conclude that trial court properly found that the documentation accompanying the detainer request was sufficient.
By the Court. Order affirmed.
NOTES
[] Petition to review denied.
[1] The Interstate Agreement on Detainers, codified at sec. 976.05, Stats., is a compact among forty-eight states, the District of Columbia, and the United States. See Historical and Statutory Notes, Wis. Stats. Ann. sec. 976.05 (West Supp. 1991); Cuyler v. Adams, 449 U.S. 433, 435 n.1 (1981). The agreement permits the transfer of temporary custody of a prisoner from the state of imprisonment ("asylum state") to the state which lodged a detainer ("requesting state") for the purpose of bringing the prisoner to trial.
[2] Section 976.05(4), Stats., provides in part:

Article IV. (a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with sub. (5)(a) upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated: provided that the court having jurisdiction of such indictment, information or complaint has duly approved, recorded and transmitted the request: and that there shall be a period of 30 days after receipt by the appropriate authorities before the request is honored, within which period the governor of the sending state may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.
[3] Section 976.06, Stats., provides in part:

Following receipt of the officer's written request as provided in s. 976.05(4)(a), the prisoner shall forthwith be taken before a judge of a court of record of this state, who shall inform the prisoner of the request for temporary custody or availability, the crime with which charged and that the prisoner has the right to petition the governor to deny the request, to contest the request and to demand and procure legal counsel. If the prisoner or the prisoner's counsel shall state that the prisoner or the prisoner and counsel desire to test the legality of granting temporary custody or availability, the judge shall set a date for hearing which shall be not later than the expiration of the 30-day period established by s. 976.05(4)(a).
[4] The Uniform Criminal Extradition Act is codified at sec. 976.03, Stats.
[5] Courts which have addressed the question have uniformly held that, under the Uniform Criminal Extradition Act, res judicata is not a bar to consecutive extradition requests. In In re Maldonado, 304 N.E.2d 419, 422 (Mass. 1973), the Massachusetts Supreme Court explained:

Because of the preliminary character of extradition as an aid in reaching accused persons to compel them to stand trial, an extradition proceeding is more justly assimilated to a probable cause hearing. In such hearings dismissal upon abandonment by the prosecution does not bar reinstitution, nor does dismissal for lack of cause shown, if additional proof is offered at the second hearing . . .. [Citations omitted.]
Similarly, in Harris v. Massey, 247 S.E.2d 55, 57 (Ga. 1978), the Georgia Supreme Court held:
[W]here a previous writ of habeas corpus in an extradition proceeding was granted because of the insufficiency of the supporting documents or other technical defects which may be subsequently corrected, the prior judgment granting the writ of habeas corpus will not be res judicata in a subsequent extradition demand brought to avoid the technical objection fatal to the first proceeding.
See also Morris v. McGoff, 728 P.2d 720, 721 (Colo. 1986); People ex rel. Shockley v. Hardiman, 504 N.E.2d 109, 112 (Ill. App. Ct. 1987); Commonwealth ex rel. Douglass v. Aytch, 310 A.2d 313, 315 (Pa. Super Ct. 1973); Anita R. Shapiro, Annotation, Discharge on Habeas Corpus of One Held in Extradition Proceedings as Precluding Subsequent Extradition Proceedings, 33 A.L.R.3d 1443 (1970 & Supp. 1991).