The BARABOO NATIONAL BANK, Plaintiff-Appellant,

v.

STATE of Wisconsin, Defendant-Respondent,

Allen C. Maatta, Joan M. Maatta, Alte Resorts, Inc., Berniece Meyers, Kraemer Broadcasting, Inc., Quick Service Laundry, Inc., Emmons-Napp Office Products, Inc., Band Box Cleaners and Laundry, Inc., Reinhart Institutional Foods, Inc., AVCO Financial Services of Wisconsin, Inc., Joseph E. Cohen, as trustee of the bankruptcy estate of Allen C. Maatta and Joan M. Maatta, Defendants.

Court of Appeals

*No. 95–0251. Submitted on briefs October 9, 1995.—Decided January 4, 1996.*

(Also reported in 544 N.W.2d 909.)

153

For the plaintiff-appellant the cause was submitted on the briefs of *Jerome P. Mercer* of *Cross, Jenks, Mercer and Maffei* of Baraboo.

For the defendant-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Robert W. Larsen*, assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J. The Baraboo National Bank appeals from an order of foreclosure in which the trial court concluded that the State's interest in the mineral rights in property the State conveyed in 1922 was not subject to foreclosure because the State retained its interest by operation of law under § 24.11(3), STATS., 1921. Baraboo executed a mortgage on that property in 1982 and foreclosed on it in 1994. Baraboo presents three arguments supporting its assertion that it owns the property free of the State's interest: (1) the State did not retain its interest in the mineral rights in this property because its interest was not expressly reserved in the 1922 deed; (2) even if the State retained its interest, that interest is subordinate to Baraboo's mortgage lien on the property; and (3) the State's interest is barred by a thirty-year statute of limitations. We reject Baraboo's claims and, therefore, affirm.[1]

---

[1] In its reply brief, Baraboo also argues that a construction of § 24.11(3), STATS., 1921, holding that the State retained an interest in the mineral rights by operation of law would deny good-faith purchasers due process. As a general rule, we do not review issues raised for the first time in a reply brief. *Schaeffer v. State Personnel Comm'n*, 150 Wis. 2d 132, 144, 441 N.W.2d 292, 297 (Ct. App. 1989). The reason for the rule is that permitting Baraboo to raise new issues in its reply brief gives it an advantage over the State because the State cannot counter those issues. We see no reason to depart from the rule here.

## BACKGROUND

In 1922, the State sold a parcel of land to L.H. Hill. The deed which conveyed the property did not contain any express statement that the State's interest in any mineral rights in the property would be retained. Some sixty years later, in 1982, Baraboo executed a mortgage on this property. The State recorded its interest in the mineral rights in 1987 after the legislature enacted § 706.057, STATS., an antilapse statute.

In 1994, Baraboo commenced this foreclosure action. It named the State as a defendant, arguing that the State's interest in the mineral rights were subordinate to Baraboo's mortgage. The State disagreed, claiming that it retained its interest by operation of law. On summary judgment motion, the trial court entered a judgment of foreclosure but ordered that the State's interest in the mineral rights would not be subject to that foreclosure. Baraboo appeals.

## DISCUSSION

■■■

To determine whether the State retained its interest in the mineral rights, we must construe § 24.11(3), STATS., 1921. Statutory interpretation presents a question of law which we review *de novo*. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). In construing a statute, our purpose is to determine the legislature's intent and give it effect. *Id.* We first examine the statute's language and, absent ambiguity, we give that language its ordinary meaning. *Id.* at 225-26, 496 N.W.2d at 179. When the language of the statute clearly and unambiguously sets forth the legislature's intent, we will not

look beyond the plain language, but apply that intent to the case at hand. *Kelley Co., Inc. v. Marquardt*, 172 Wis. 2d 234, 247, 493 N.W.2d 68, 74 (1992).

Section 24.11(3), STATS., 1921, provided:

> *Every contract, certificate of sale, or grant hereunder of public lands shall be subject to the continued ownership by the state*, of the fee to all lands bordering on any meandered or nonmeandered stream, river, pond or lake, navigable in fact for any purpose whatsoever, to the extent of one chain on every side thereof, and shall reserve to the people the right of access to such lands and all rights necessary to the full enjoyment of such waters, *and of all minerals in said lands, and all mining rights therein,* and shall also be subject to continued ownership by the state of all water-power rights on such lands or in any manner appurtenant thereto. Such conveyance shall also be subject to a continuing easement in the state and its assigns to enter and occupy such lands in any manner necessary and convenient to the removal of such mineral from such lands and to the proper exercise of such mineral rights . . . .

(Emphasis added.) The language of this statute is clear and unambiguous. It provided that when the State transferred property to another party, it retained its interest in the mineral rights in that property by operation of law. Our interpretation is supported by an attorney general opinion which concludes, based upon the statute's legislative history, that "[b]etween the years 1911 and 1951, mining rights were reserved in transactions involving non-school lands. *This reservation exists by operation of law and even in the absence of express language in the certificate or patent.*" 65 Op. Att'y Gen. 207, 226 (1976) (emphasis added). Conse-

quently, the State need not expressly reserve its interest in the conveyance for it to retain it.

But Baraboo contends that if we hold that the State retained its interest in the mineral rights, we would be rewriting the 1922 deed. It argues that we cannot ignore the rules of contract construction requiring us to enforce the plain language of a contract. Baraboo argues that the plain language of the 1922 deed shows that the State intended to convey the entire property without retaining any interest. Baraboo also argues that if we conclude that the State retained its interest, such an interpretation would be inconsistent with ch. 100, § 2206, STATS., 1921,[2] which provided that if a party wished to retain an interest in land, it must do so expressly. It also argues that such a construction would be contrary to the public policy of promoting certainty in real estate titles.

We agree, as a general matter, that if a party wishes to retain an interest in property, it must expressly do so in the document of conveyance. But in this case, § 24.11(3), STATS., 1921, preserved the State's interest by operation of law. In other words, the statute is an exception to the general rule. Thus, we do not rely upon the deed, but upon the laws in effect when the State conveyed the property. Were we to adopt Baraboo's position, every time the State transferred property, it would have to expressly reserve its interest in the mineral rights in the conveyance even though

---

[2] Chapter 100, § 2206, STATS., 1921, provided:

In conveyances of lands words of inheritance shall not be necessary to create or convey a fee, and every grant of lands or any interest therein shall pass all the estate or interest of the grantor unless the intent to pass a less estate or interest shall appear by express terms or be necessarily implied in the terms of such grant.

§ 24.11(3) already does this for it. This interpretation would render the statute meaningless. Consequently, we conclude that the legislature intended to reserve for the State an interest in the mineral rights even when a conveyance does not expressly contain such a provision.

■

Baraboo also argues that the State cannot assert its interest under § 706.057, STATS., the antilapse statute, because it conveyed its entire interest in 1922. Section 706.057 provides that an owner of an interest in mineral rights must record such interest to retain it. However, § 24.11(3), STATS., 1921, not § 706.057, established the State's interest in the mineral rights. Section 706.057 merely permits the State to preserve the interest it obtained by operation of law under § 24.11(3).

Baraboo next argues that even if the State retained an interest in the property, such interest is subordinate to Baraboo's mortgage. Baraboo argues that under § 706.08(1)(a), STATS.,[3] every conveyance which is not recorded shall be void as against any subsequent good-faith purchaser. Baraboo argues that because the State's interest in the property was not recorded until 1987 and Baraboo, as a good-faith purchaser, recorded its mortgage in 1982, Baraboo's interest in the land is superior to the State's. We disagree.

---

[3] Section 706.08(1)(a), STATS., provides:

Every conveyance (except patents issued by the United States or this state, or by the proper officers of either) which is not recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall first be duly recorded.

Section 706.01(2)(a), STATS., provides that the provisions of ch. 706 do not apply to transactions in which an interest in land is affected by act or operation of law. We have concluded that § 24.11(3), STATS., 1921, acted to preserve the State's mineral interest by operation of law. Therefore, the fact that the State did not record its interest until after Baraboo did is of no import.

Lastly, Baraboo argues that even if the State retained an interest in the property, it is barred from asserting that interest by § 893.33, STATS., a thirty-year statute of limitations. That statute bars actions affecting titles to real estate for documents executed or recorded more than thirty years prior to the commencement of the action. We disagree.

First, § 893.33, STATS., is a statute of limitations. It does not cut off a party's interest in property, but provides a time period within which an action contesting ownership must be brought. Second, § 893.33(5) contains a public entity exception which provides that the thirty-year limitation period "does not apply to real estate or an interest in real estate while the record title to the real estate or interest in real estate remains in the state or a political subdivision or municipal corporation of this state." In other words, the thirty-year limitation period does not serve to bar an action when the State's interest in property is challenged. Accordingly, we reject this claim.

*By the Court.*—Order affirmed.