STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy J. HELM, Defendant-Appellant.†

Court of Appeals

*No. 01–2398. Submitted on briefs March 21, 2002.—Decided May 15, 2002.*

2002 WI App 154

(Also reported in 647 N.W.2d 405.)

† Petition to review denied 9-26-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Timothy J. Helm*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, *Gregory M. Weber*, assistant attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. NETTESHEIM, P.J.   Timothy J. Helm appeals pro se from an order denying his motion for postconviction sentence modification pursuant to WIS. STAT. § 974.06 (1999–2000)[1] on grounds of due process and double jeopardy. Helm argues that the circuit court erred when, in the process of correcting an unlawful sentence, it increased Helm's sentence without just cause.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version.

---

¶ 2. While we agree with Helm that the circuit court increased Helm's sentence on resentencing, we disagree that it lacked authority to do so. We conclude pursuant to *State v. Martin*, 121 Wis. 2d 670, 360 N.W.2d 43 (1985), that the circuit court had authority to resentence Helm to correct his prior invalid sentence and that the circuit court's corrected sentence was properly based upon a desire to implement the original dispositional scheme as manifested by the sentencing proceeding that produced the invalid sentence. We affirm the order denying postconviction relief.

## FACTS

¶ 3. Based upon his pleas of guilty, Helm was convicted on July 20, 1995, of two counts of burglary pursuant to WIS. STAT. § 943.10(1)(a). The circuit court withheld sentence and placed Helm on two concurrent five-year terms of probation. This was a valid sentence, and it is not at issue in this case. Thereafter, Helm's probation was revoked and on April 9, 1998, the circuit court sentenced Helm to a six-year prison term on the first count of burglary and a consecutive ten-year prison term, stayed with ten years of probation on the second count. The parties agree that the sentence on the second count was invalid because a sentencing court may not again impose probation once probation has been revoked. *See State v. Balgie*, 76 Wis. 2d 206, 208, 251 N.W.2d 36 (1977). Relying on this law, Helm filed a postconviction motion requesting that the court resentence him on count two.

¶ 4. At the hearing on Helm's motion, the circuit court conceded that it lacked authority under *Balgie* to impose another term of probation following revocation of Helm's original probation. Therefore, the court granted Helm's motion for resentencing. The court

resentenced Helm by vacating the illegal term of probation and changing the ten-year term from a consecutive sentence to a concurrent sentence.

¶ 5. Helm responded with a further postconviction motion contending that the circuit court's resentencing had improperly increased his sentence in violation of due process and his protection against double jeopardy. The court denied Helm's motion, and Helm renews his argument on appeal.

## *DISCUSSION*

¶ 6. Resentencing occurs when a court imposes a new sentence after the initial sentence has been held invalid. *State v. Carter*, 208 Wis. 2d 142, 146–47, 560 N.W.2d 256 (1997). Whether the final sentence in this case violates Helm's constitutional rights is a question of law which we review de novo. *State v. Klessig*, 211 Wis. 2d 194, 204, 564 N.W.2d 716 (1997) (We review de novo the issue of whether an individual's constitutional rights have been denied.).

¶ 7. As a threshold issue, we address whether the circuit court actually increased Helm's sentence at the resentencing. The State argues that the court did not increase the sentence because the structure of the illegal sentence would have retained Helm under supervision of the department of corrections for a longer period of time (sixteen years: six years of imprisonment followed by ten years of probation) than the resentencing (ten years of concurrent sentences). We do not disagree with this technical analysis, but common sense teaches that the practical and real effect of the final sentence on Helm was an increased prison sen-

tence from six years to ten years. In *State v. Oakley*, 2001 WI 103, ¶ 20, 245 Wis. 2d 447, 629 N.W.2d 200, our supreme court noted that a sentence of probation preserved much of the defendant's liberty as compared to the more punitive option of imprisonment. Under the illegal sentence, Helm was deprived outright of his liberty for six years. Under the resentencing, Helm is deprived outright of his liberty for ten years. We hold that Helm received an increased sentence.

¶ 8. Therefore, we move to the question of whether the increased sentence violated Helm's constitutional protection against double jeopardy. The State contends that no double jeopardy violation occurred pursuant to the supreme court's decision in *Martin*. Helm argues that *Martin* does not apply because it was overruled by *State v. Carter*, 208 Wis. 2d 142, 560 N.W.2d 256 (1997).

■

¶ 9. In *Martin*, our supreme court held that there is an exception to the applicability of the double jeopardy clause to increased sentences—"a trial court may increase the sentence if the initial sentence is illegal." *Martin*, 121 Wis. 2d at 678. In doing so, the court cited to *Bozza v. United States*, 330 U.S. 160 (1947), for the proposition that "the court's correction of an invalid sentence by increasing the punishment did not constitute double jeopardy; the initial sentence being invalid, the second, more severe sentence was the only valid sentence imposed." *Martin*, 121 Wis. 2d at 677. However, the *Martin* court placed an important limitation on a circuit court's sentencing in such a setting: an increased sentence is permissible at a resentencing only when it is "based upon a desire to implement the

290

original dispositional scheme as manifested by the record in the first sentencing proceeding." *Id.* at 687 (citation omitted).

¶ 10. Next, we turn to Helm's argument that *Carter* overruled *Martin*. In *Carter*, our supreme court clarified that *Martin* "applies only when the initial conviction is valid, the initial sentence is invalid, the resentencing court has no new information or newly known information, and the resentencing court seeks to impose a greater sentence." *Carter*, 208 Wis. 2d at 156. Therefore, while *Carter* limited *Martin's* application, it clearly did not overrule the case, and we reject Helm's argument to the contrary.

¶ 11. The question therefore is whether the facts of this case satisfy the four conditions set out in *Carter* for the limited application of *Martin*. We conclude that they do. Helm's initial conviction is valid, his initial sentence is invalid, the resentencing court had no new information and, as the above discussion reveals, the court imposed a greater sentence.

■

¶ 12. However, this satisfaction of the four *Carter* factors does not end our inquiry since *Martin* has an added factor that must be satisfied. As we have noted, *Martin* additionally instructs that when an initial sentence cannot be carried out because it was not authorized by law, an increased sentence is permissible only when "based upon a desire to implement the original dispositional scheme as manifested by the record in the first sentencing proceeding." *Martin*, 121 Wis. 2d at 687 (citation omitted). We therefore look to the various sentencing proceedings in this case to determine if the

increased sentence was properly based upon the circuit court's desire to implement its original dispositional scheme.[2]

¶ 13. The record of the sentencing hearing on April 9, 1998, that produced the illegal sentence reflects that the circuit court considered the seriousness of the offense, Helm's potential for rehabilitation and the need to protect the public. The court noted that Helm had not taken advantage of the rehabilitation offered by his original probation and that if placed in jail instead of prison, the necessary services would not be available to him. Finally, in ordering Helm to serve an imposed and stayed ten-year prison sentence consecutive to the straight sentence on count one, the court stated:

> And that I consider to be a break, Mr. Helm; that you should know, once you are released, if you again violate, you're going back for an additional ten years. That's how serious these kinds of offenses are, and that's how dangerous I regard you until you determine that your freedom is more important than drugs and alcohol and living on others and manipulating others . . . .

It is clear from these comments that the court sought to retain Helm under the supervision of the State for an extended period of time.

¶ 14. When the circuit court learned at the resentencing hearing that the option of probation was not available, the need for the extended controls over Helm did not magically disappear. To the contrary, the circuit court still saw the need to keep Helm under the control of the State for a period beyond the six-year sentence on

---

[2] Our analysis is assisted by the fact that the same judge presided at all of the sentencing proceedings in this case.

count one. The ten-year sentence on count two, amended from a consecutive to a concurrent term, was in keeping with the court's original sentencing scheme. Therefore, the requirements of *Martin* were satisfied in this case.

¶ 15. Helm also relies on *North Carolina v. Pearce*, 395 U.S. 711 (1969), in support of his contention that the circuit court's final sentence violated his due process rights. In *Pearce*, the Supreme Court recognized the power of a resentencing court to impose a greater sentence than the one imposed initially. *See Carter*, 208 Wis. 2d at 148. However, the *Pearce* Court stressed that vindictiveness on the part of the sentencing court may not play a part in the resentencing after a new trial, and the defendant must not be placed in fear of such retaliatory motivations on the part of the sentencing judge. *Martin*, 121 Wis. 2d at 686 (citing *Pearce*, 395 U.S. at 725). To protect a defendant against potential vindictiveness of the sentencing court, the *Pearce* Court held that an increase in the sentence must be supported by reasons set forth on the record "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Pearce*, 395 U.S. at 726.

¶ 16. We see no *Pearce* violation in this case. *Martin* protects against the prospect of vindictiveness prohibited by *Pearce* by requiring that a resentencing, following an invalid sentence, implement the court's original dispositional scheme. Since we have held that the resentencing comported with the requirements of *Martin*, we reject Helm's argument under *Pearce*.[3]

---

[3] For this same reason, we reject Helm's reliance on *State v. Pierce*, 117 Wis. 2d 83, 342 N.W.2d 776 (Ct. App. 1983), in

¶ 17. For this reason, we also reject Helm's reliance on *State v. Dean*, 111 Wis. 2d 361, 330 N.W.2d 630 (Ct. App. 1983). There, after the court of appeals ruled that a condition of probation was invalid, the circuit court resentenced the defendant to prison. *Id*. at 362–63. The court of appeals invalidated the prison sentence, holding that, absent a revocation of probation, the protection against double jeopardy barred the imposition of a prison sentence after the defendant had *validly* been placed on probation. *Id*. at 365. In short, the only defect was the condition of probation, not the probation itself. Here, unlike *Dean*, the reinstatement of Helm's probation following the revocation of that probation was invalid ab initio. Helm's resentencing occurred to correct that invalid sentence. In such a setting, *Martin* holds that the circuit court has the authority to resentence without violating double jeopardy protections so long as the resentence is consistent with the dispositional scheme of the invalid sentence. *Martin*, 121 Wis. 2d at 687. Since the resentencing in this case satisfied the requirements of *Martin*, we reject Helm's argument under *Dean*.

## CONCLUSION

¶ 18. We conclude that the resentencing increased Helm's original sentence. However, since the increased sentence satisfied the conditions set out in *Carter* and otherwise satisfied the requirements of *Martin* by adhering to the circuit court's original dispositional scheme, we conclude that the resentence did not violate

support of his contention that *North Carolina v. Pearce*, 395 U.S. 711 (1969), controls the issue on appeal. There, as in *Pearce*, the court increased the defendant's sentence at resentencing based on two batteries committed after the initial sentencing. *Pierce*, 117 Wis. 2d at 88.

294

Helm's due process rights and double jeopardy protections. We uphold the order denying Helm's motion for postconviction relief.

*By the Court.*—Order affirmed.