COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2019AP2406-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF174

**IN COURT OF APPEALS**
**DISTRICT III**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

  V.

TIMOTHY J. TRIMBLE,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Vilas County: NEAL A. NIELSEN III, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Timothy Trimble, pro se, appeals an order denying his motion to "correct and modify" his sentence. The legal basis for Trimble's

argument that the circuit court erred by denying his motion is difficult to discern. Ultimately, however, we conclude Trimble has failed to show that the court erred in any way. We therefore affirm.

## BACKGROUND

¶2 In September 2017, the State filed an Information in Vilas County case No. 2017CF174 charging Trimble with nine offenses, including one count of operating a motor vehicle while under the influence of an intoxicant (OWI), as a tenth or subsequent offense. At the time of the conduct giving rise to the charges in the Vilas County case, Trimble had been released from custody on a cash bond in Oneida County case No. 2017CF88, where he had been charged with two offenses, including one count of OWI, as a tenth or subsequent offense.

¶3 The Vilas County and Oneida County cases were consolidated and resolved pursuant to a single plea agreement. Trimble pled no contest to the OWI charge in the Vilas County case (Count 1) and the OWI charge in the Oneida County case (Count 10), and the remaining charges were dismissed. As part of the plea agreement, the State agreed to recommend a total of fourteen years' imprisonment, comprised of nine years' initial confinement and five years' extended supervision.

¶4 The circuit court accepted Trimble's no-contest pleas during a combined plea and sentencing hearing on October 3, 2018, and the State then made its sentence recommendation in accordance with the terms of the plea agreement. After addressing the seriousness of the offenses, Trimble's character, and the need to protect the public, the court sentenced Trimble as follows:

> I accept the recommendation of the State in the case. The
> Court is going to sentence Mr. Trimble on count 1 to nine

2

years in the Wisconsin State Prison System. Four years of initial confinement. Five years of extended supervision. … On count 10, the Court will sentence Mr. Trimble to the Wisconsin State Prison System for a term of nine years. Five years of initial confinement and four years of extended supervision. His sentence is to be consecutive to the sentence imposed in count 1.

¶5 The circuit court subsequently entered a judgment of conviction, which stated that the "State Prison" portion of Trimble's sentence on Count 10 (the Oneida County charge) would be served "Consecutive" to his sentence on Count 1 (the Vilas County charge). The judgment further stated, however, that the "Extended Supervision" portion of the Oneida County sentence would be "Concurrent" to the Vilas County sentence. Thus, pursuant to the judgment of conviction, Trimble's aggregate sentences—consecutive four- and five-year terms of initial confinement, followed by concurrent four- and five-year terms of extended supervision—were equal to the State's recommendation of nine years' initial confinement and five years' extended supervision.

¶6 In late February 2019, the circuit court received a letter from a sentencing associate with the Wisconsin Department of Corrections (DOC) asking the court to review the relationship of Trimble's Oneida County sentence to his Vilas County sentence. The letter cited *State v. Bagnall*, 61 Wis. 2d 297, 312, 212 N.W.2d 122 (1973), *superseded by statute on other grounds as stated in State v. Rabe*, 96 Wis. 2d 48, 55-56, 291 N.W.2d 809 (1980), in which our supreme court stated that "terms in the Wisconsin state prison system are to be served concurrently or consecutively, but … a court cannot split a sentence and provide for only part of a term to be served concurrently with another."

¶7 In response to the DOC's letter, on March 6, 2019, the circuit court sua sponte issued a corrected judgment of conviction, which stated that both the

3

"State Prison" and "Extended Supervision" portions of Trimble's Oneida County sentence were to be served "Consecutive" to his Vilas County sentence. Thus, under the corrected judgment of conviction, Trimble's sentences on both counts totaled eighteen years, comprised of nine years' initial confinement and nine years' extended supervision. Stated differently, the effect of the correction was to increase the total length of Trimble's extended supervision from five years to nine years, thereby increasing his total potential prison exposure from fourteen years to eighteen years.

¶8      In August 2019, Trimble, pro se, filed a one-page "motion to correct and modify sentence." Trimble asked the circuit court to modify his Oneida County sentence "to run … concurrent" to his Vilas County sentence, asserting "that seems to be what the Court wanted to do by running count 10's extended supervision concurrent to Count 1." Trimble argued this modification "would ensure the Court['s] original sentence, and protection of the public, and confirm with" *Bagnall*. He further contended the modification "would not degrade the original sentence" and "would allow Trimble to obtain needed treatment." Trimble later refiled the same motion in October 2019.

¶9      On November 8, 2019, the circuit court issued a written order denying Trimble's motion. The court stated that a review of the sentencing transcript "clearly reveals the Court's intention to impose consecutive periods of confinement to the Wisconsin Prison System, for reasons amply stated on the record." The court acknowledged that Trimble's original judgment of conviction "did … provide that the periods of extended supervision would run concurrently," which was contrary to *Bagnall*. The court observed, however, that after the DOC brought that error to the court's attention, the judgment "was corrected accordingly on March 6, 2019." As such, the court stated there was "no reason to

conduct a hearing" on Trimble's motion to correct and modify his sentence. Trimble now appeals.

## DISCUSSION

¶10     As noted above, the legal basis for Trimble's argument that the circuit court erred by denying his motion to correct and modify his sentence is somewhat unclear.  In his brief-in-chief on appeal, Trimble contends that by modifying his sentence on the Oneida County charge to increase the total length of his extended supervision from five years to nine years, the court upset his expectation in the finality of his original sentence.  In support of his argument, Trimble cites two cases that addressed whether a circuit court's modification of a defendant's sentence violated the defendant's right to be free from double jeopardy.  *See* *State v. Willett*, 2000 WI App 212, ¶1, 238 Wis. 2d 621, 618 N.W.2d 881; *State v. North*, 91 Wis. 2d 507, 509-10, 283 N.W.2d 457 (Ct. App. 1979), *abrogated by* *State v. Gruetzmacher*, 2004 WI 55, ¶35, 271 Wis. 2d 585, 679 N.W.2d 533.

¶11     The State therefore characterizes Trimble's argument regarding his expectation of finality in his original Oneida County sentence as a double jeopardy claim.  The State then argues that Trimble forfeited his double jeopardy claim by failing to raise it in the circuit court.  In his reply brief, Trimble denies that he is asserting a double jeopardy claim, but he again relies on *Willett* and *North*—both of which addressed whether the circuit court's modification of a sentence violated the defendant's constitutional right to be free from double jeopardy.

¶12     Under these circumstances, we agree with the State that Trimble's argument regarding his expectation of finality in his original Oneida County sentence is, in essence, a double jeopardy claim.  *See, e.g.*, *State v. Jones*, 2002

WI App 208, ¶10, 257 Wis. 2d 163, 650 N.W.2d 844 (stating "the analytical touchstone for double jeopardy is the defendant's legitimate expectation of finality in the sentence"). We also agree with the State that Trimble failed to raise any argument regarding finality or double jeopardy in his motion to correct and modify his sentence in the circuit court. Nevertheless, given Trimble's pro se status and the fact that the State has briefed the legal issue of double jeopardy on appeal, we exercise our discretion to ignore Trimble's forfeiture and address the merits of his argument. *See **Wal-Mart Stores, Inc. v. LIRC***, 2000 WI App 272, ¶15, 240 Wis. 2d 209, 621 N.W.2d 633 (noting that the forfeiture rule "is one of administration, not jurisdiction, and it is a general rule to which there are exceptions").

¶13 The double jeopardy clauses of both the state and federal constitutions protect against multiple punishments for the same offense. ***State v. Sauceda***, 168 Wis. 2d 486, 492, 485 N.W.2d 1 (1992). Whether a double jeopardy violation has occurred is a question of law that we review independently. ***Jones***, 257 Wis. 2d 163, ¶8. If a defendant has a legitimate expectation of finality in his or her sentence, "then an increase in that sentence is prohibited by the double jeopardy clause." ***Id.***, ¶9 (citation omitted). "On the other hand, if a circumstance exists to undermine the legitimacy of that expectation, then a court may permissibly increase the sentence." ***Id.***

¶14 Wisconsin courts have recognized that a defendant does not have a legitimate expectation of finality in an illegal sentence. In ***State v. Martin***, 121 Wis. 2d 670, 678, 360 N.W.2d 43 (1985), our supreme court stated there is an "exception to the applicability of the double jeopardy clause to increased sentences" that permits a court to increase a sentence "if the initial sentence is illegal." The court subsequently clarified that this exception applies "when the

6

initial conviction is valid, the initial sentence is invalid, [and] the resentencing court has no new information or newly known information." *State v. Carter*, 208 Wis. 2d 142, 156, 560 N.W.2d 256 (1997), *abrogated on other grounds by State v. Harbor*, 2011 WI 28, ¶¶47-48 & n.11, 333 Wis. 2d 53, 797 N.W.2d 828. In addition, "an increased sentence is permissible at a resentencing only when it is 'based upon a desire to implement the original dispositional scheme as manifested by the record in the first sentencing proceeding.'" *State v. Helm*, 2002 WI App 154, ¶9, 256 Wis. 2d 285, 647 N.W.2d 405 (quoting *Martin*, 121 Wis. 2d at 687).

¶15 We agree with the State that the requirements for applying the illegal sentence exception to double jeopardy are satisfied in this case. It is undisputed that Trimble's initial conviction on the Oneida County charge was valid, that his initial sentence on that charge was invalid under *Bagnall*, and that no new information or newly known information (aside from the fact of the illegality) was before the circuit court when it issued the corrected sentence. *See Carter*, 208 Wis. 2d at 156.

¶16 Moreover, the corrected sentence reflects the circuit court's desire to implement the "original dispositional scheme" set forth in the sentencing hearing transcript. *See Helm*, 256 Wis. 2d 285, ¶9. During the sentencing hearing, the court explained why it believed it was necessary for Trimble's sentences to be consecutive, rather than concurrent, stating:

> The intention of the legislature in imposing increasing penalties at each stage of OWI offenses is to recognize the dangerousness of this conduct and hopefully provide some incentive to stop committing it. … And I think it's the intention of the legislature by expressing a minimum penalty for an offense that you can't go rack up two or three of them and get sentenced once for the same, for the same degree of punishment that you would receive if committed separately and served separately. It's not the legislative intent. It's not the intent expressed by the will

7

of the people through their elected representatives to look at something like concurrent sentencing in a situation like this.

Although Trimble's judgment of conviction ultimately stated that the extended supervision portion of his Oneida County sentence would be concurrent to his Vilas County sentence, the court did not explain its rationale for that decision during the sentencing hearing.

¶17    Under these circumstances, the correction that the circuit court chose—i.e., maintaining Trimble's original period of initial confinement but increasing his total extended supervision by four years—was consistent with the court's original sentencing rationale, which emphasized the need to impose consecutive sentences for Trimble's repeated OWI violations, and which did not express any specific reason or desire to make his terms of extended supervision concurrent. Furthermore, during its sentencing remarks, the court explained that Trimble's offenses were serious and carried the potential for great violence; that Trimble's character was essentially poor because he did not appreciate the gravity of his offenses and the serious risk his conduct posed to others; and that the public required protection from Trimble because he had demonstrated an inability or unwillingness to refrain from driving while intoxicated. These remarks supported the court's original decision to impose a substantial period of initial confinement, and they also support its subsequent decision to correct Trimble's illegal sentence by making the extended supervision portion of his Oneida County sentence consecutive to his Vilas County sentence.

¶18    On these facts, we agree with the State that the illegal sentence exception to double jeopardy applies, and the circuit court did not violate Trimble's right to be free from double jeopardy when it modified his sentence on

the Oneida County charge. Stated differently, under the circumstances of this case, Trimble had no legitimate expectation of finality in his illegal Oneida County sentence.

¶19     In his brief-in-chief on appeal, Trimble appears to fault the circuit court for failing to hold a hearing before modifying his sentence. He asserts the court modified his sentence "without giving [him] a chance to argue the court[']s original intent of running the incarceration sentence concurrent to the extended supervision." He therefore asks that we remand this matter for the court "to explain [its] reasoning for running the [extended] supervision concurrent, if according to [the court, it's] intention was amply stated that all sentences run consecutive."

¶20     Trimble's argument in this regard is undeveloped. He fails to cite any legal authority in support of the proposition that the circuit court was required to hold a hearing before modifying his sentence under any circumstances, much less the circumstances of this case. *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not address arguments that are undeveloped or unsupported by references to legal authority). We agree with the State that although the court did not hold a hearing, "it corrected [Trimble's] sentence in a manner that was consistent with the purposes of the original sentence," as set forth in the sentencing hearing transcript. Trimble does not explain what purpose a hearing would have served under these circumstances.

¶21     Trimble also asserts the circuit court "failed to take into account" that he has "not had an OWI in 12 years." Again, this argument is undeveloped. First, Trimble does not cite any portion of the record in support of his assertion that he has "not had an OWI in 12 years." We need not consider arguments that

9

are unsupported by references to the record. *Lechner v. Scharrer*, 145 Wis. 2d 667, 676, 429 N.W.2d 491 (Ct. App. 1988). Second, Trimble does not explain whether he believes the court failed to consider this alleged fact during its original sentencing decision, or during its subsequent decision to modify his Oneida County sentence. Third, Trimble does not explain why the court's alleged failure to consider the length of time between his OWI convictions constituted an erroneous exercise of the court's sentencing discretion in the first instance, or otherwise prevented the court from modifying his Oneida County sentence to make the extended supervision portion of that sentence consecutive to his Vilas County sentence.

¶22     In his brief-in-chief, Trimble also asks us to "take note" that "3 months ago a man was sentence[d] on his 23rd OWI to 2½ years incarcerat[ion] consisting of 1 year prison and 1½ extended supervision … [y]et I get 18 years for my 10th with no accident[s] or harm to anyone, or destruction of property." Trimble asserts this discrepancy is not "equal and fair treatment." In his reply brief, Trimble similarly asks us to "take into consideration that this year a defendant was sentence[d] to 2½ years incarceration for his 23rd OWI."

¶23     Again, however, Trimble does not provide any record citations in support of his factual assertions regarding the length of the sentence that another defendant may have received. And, even more importantly, Trimble does not develop any argument explaining why the sentence that other defendant allegedly received bears on the sentences the circuit court imposed in this case. The mere fact that a defendant's sentence is different from other defendants' sentences is insufficient to support a disparate sentencing claim. *See State v. Perez*, 170 Wis. 2d 130, 144, 487 N.W.2d 630 (Ct. App. 1992). "Even leniency in one case does not transform a reasonable punishment in another case into a cruel one." *Id.*

10

¶24 Finally, Trimble argues—for the first time in his reply brief—that the circuit court's modification of his Oneida County sentence was "[i]n violation of the plea agreement that the court accepted." Trimble asserts he "should not be penalized by a higher sentence th[a]n bargained for and accepted by the State and Court." He therefore contends we must remand this matter "to allow [him] to renegotiate a plea deal or force the Court to honor the original agreed upon sentence of 14 years[,] [i]nstead of the more severe punishment of 18 years."

¶25 "As a general rule, we do not review issues raised for the first time in a reply brief." *Baraboo Nat'l Bank v. State*, 199 Wis. 2d 153, 157 n.1, 544 N.W.2d 909 (Ct. App. 1996). We could reject Trimble's argument that the modification of his Oneida County sentence breached the plea agreement on that basis alone. We note, however, that Trimble's argument also fails on the merits. The plea agreement was between Trimble and the State. Under the agreement, the State was required to recommend a total of fourteen years' imprisonment, comprised of nine years' initial confinement and five years' extended supervision. It is undisputed that the State complied with the plea agreement when making its sentence recommendation.

¶26 "It is well established, however, that the sentencing court is not in any way bound by or controlled by a plea agreement between the defendant and the state." *State v. McQuay*, 154 Wis. 2d 116, 128, 452 N.W.2d 377 (1990). Thus, although the circuit court initially imposed sentences that complied with the State's recommendation, the plea agreement did not require the court to do so, nor did it prevent the court from later modifying Trimble's Oneida County sentence. We therefore reject Trimble's argument that the court's modification of his sentence violated the plea agreement.

11

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).