STATE of Wisconsin, Plaintiff-Respondent,

v.

Earl P. PIERCE, Defendant-Appellant.

Court of Appeals

*No. 82–2124. Submitted on briefs July 22, 1983.—
Decided December 27, 1983.*
(Also reported in 342 N.W.2d 776.)

For the defendant-appellant the cause was submitted on the briefs of *Ben Kempinen* and *Legal Assistance to Institutionalized Persons Program* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Robert J. Wells, Jr.,* assistant district attorney.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

GORDON MYSE, Reserve Judge.   This is an appeal from an order denying appellant's motion for post-conviction relief. Sec. 974.06, Stats. Appellant sought relief from his resentencing which imposed a term of two years' imprisonment. We affirm the trial court's order but remand for recomputation of credit for time served.

The trial court initially sentenced appellant for a battery conviction as a "repeater" under sec. 939.62(1)(a),

Stats., to two years' probation, consecutive to probation then being served. While serving his probation, appellant was charged with two more batteries. The first battery resulted in revocation of the initial probation term. The second battery resulted in a hold in the county jail pending revocation proceedings.

Appellant challenged, via post-conviction motion to the trial court, the legality of the consecutive probationary term and, thereby, his retention in the county jail. That challenge was successful, and the trial court resentenced appellant to two years' imprisonment. On appeal is the trial court's denial of post-conviction relief from the resentencing. This appeal addresses questions of law which we review without deference to the determinations of the trial court. *First Nat. Leasing Corp. v. Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

Both parties agree that the trial court erred in imposing a probationary sentence consecutive to a previous sentence of probation. The court's sentencing power is derived solely from statute. *Grobarchik v. State*, 102 Wis. 2d 461, 467, 307 N.W.2d 170, 174 (1981). Section 973.09(1), Stats., authorizes a sentencing court to impose probation only when it is consecutive to a sentence. A probationary term is not a sentence within the meaning of sec. 973.09(1). *Prue v. State*, 63 Wis. 2d 109, 114, 216 N.W.2d 43, 45 (1974). We agree that the trial court erred in imposing consecutive sentences of probation.

The issue is the proper method for correction of the trial court's error. Appellant argues that the trial court was authorized only to delete the unauthorized portion of the sentence, and contends the balance of the sentence should then be implemented. Section 974.06(3)(d), Stats., authorizes the court to resentence a defendant when error has occurred. Because the erroneous sentence

was a nullity, the trial court could resentence appellant after vacating the erroneous sentence.

Appellant relies on a series of cases in which appellate courts vacated the improper portion of a sentence rather than remanding to the trial court for resentencing. However the Wisconsin Supreme Court recently said: "As a general rule, resentencing is the proper method to correct a sentence which is not in accord with the law." *Grobarchik*, 102 Wis. 2d at 470, 307 N.W.2d at 175. *Cf. Hayes v. State*, 46 Wis. 2d 93, 107, 175 N.W.2d 625, 632 (1970) *(dictum)* ("If the judgment is voided or the manner in which it is made is defective, the judgment should be vacated and a new sentence made"). This court recently remanded for resentencing where the initial sentence was imposed without jurisdiction. *See State v. Wheaton*, 114 Wis. 2d 346, 354, 338 N.W.2d 322, 326 (Ct. App. 1983). Further, sec. 974.06(3)(d), Stats., specifically authorizes the sentencing court, on motion, to resentence the defendant. In the instant case the trial court discovered its error and resentenced appellant rather than vacate the improper portion of the sentence.

Appellant contends that the double jeopardy provisions of the United States and Wisconsin Constitutions prohibit the trial court from resentencing appellant to a greater sentence than originally imposed.[1] The double jeopardy provisions of our state and federal constitutions are coextensive. *Austin v. State*, 86 Wis. 2d 213, 224, 271 N.W.2d 668, 672 (1978). Our analysis will treat them as one.

---

[1] The applicable constitutional provisions are: Wis. Const. art. I, sec. 8 ("no person for the same offense may be put twice in jeopardy of punishment"); U.S. Const. amend V; *see Benton v. Maryland*, 395 U.S. 784, 794 (1969) (the double jeopardy clause of the Fifth Amendment, United States Constitution, is applied to the states through the Fourteenth Amendment).

■

The double jeopardy clause bars retrial following an acquittal, even where the acquittal was erroneous, because of the public interest in finality. *See United States v. DiFrancesco,* 449 U.S. 117, 129 (1980). The finality accorded an acquittal protects against the "embarrassment, expense, anxiety, and insecurity, and the possibility that [appellant] may be found guilty even though innocent." *Id.* at 136.

■

The double jeopardy clause however, does not guarantee the finality of sentences. *Id.* at 139.[2] In *DiFrancesco,* the Court refused to extend double jeopardy provisions to a sentence even though that sentence was set aside as a result of a government appeal. In refusing to extend the double jeopardy provisions to sentences, the *DiFrancesco* Court relied on *North Carolina v. Pearce,* 395 U.S. 711 (1969), which specifically rejected the argument that the first sentence imposed constitutes an implied acquittal of any greater sentence.

■

Double jeopardy protections apply to some resentencings, but not under the facts of this case. *See Ex parte Lange,* 85 U.S. (18 Wall.) 163 (1874) (where defendant already suffered one of two alternative punishments, resentencing to the other punishment was prohibited.) When the defendant appeals the imposition of the initial

---

[2] The distinction between an unappealed conviction or acquittal and sentencing for double jeopardy purposes is somewhat blurred by the Supreme Court's analysis in one recent case. In *Bullington v. Missouri,* 451 U.S. 430 (1981), the court determined that an individual convicted of murder and sentenced to life imprisonment could not be resentenced to death upon retrial. *See The Supreme Court, 1980 Term,* 95 Harv. L. Rev. 112, 113 (1981). A *dictum* from this court has misconstrued double jeopardy generally to guarantee finality of sentences. *See State v. Gereaux,* 114 Wis. 2d 110, 113 n. 4, 338 N.W.2d 118, 119 (Ct. App. 1983).

sentence by post-conviction motion, double jeopardy guarantees do not limit resentencing of the defendant upon whom an unlawful sentence was imposed.

The court's resentencing authority is also limited by the requirements of due process. *Pearce,* 395 U.S. at 723; *State v. Stubbendick,* 110 Wis. 2d 693, 697, 329 N.W.2d 399, 401–02 (1983). Vindictiveness and retaliation cannot be permitted upon resentencing. No trial court may impose a greater sentence because the defendant was successful in having the initial sentence set aside. To protect against the potential for vindictiveness which might inhibit the pursuit of post-conviction redress, new factors must be articulated by the resentencing court to justify an increase in sentence. *Pearce,* 395 U.S. at 725–26; *Stubbendick,* 110 Wis. 2d at 698, 329 N.W.2d at 402. New factors are "any objective, identifiable factual data not known to the trial judge at the time of the original sentencing proceeding." *Pearce,* 395 U.S. at 751 (White, J., concurring), *quoted in Stubbendick,* 110 Wis. 2d at 698, 329 N.W.2d at 402.

Here the trial court enunciated its reasons for appellant's increased punishment. Appellant was arrested for two additional batteries committed after the imposition of the original sentence. This information, before the court and articulated at the time of resentencing, justified the greater sentence.

The trial court was empowered to resentence appellant under the circumstances in this case. Resentencing of appellant was not limited in severity to the original sentence under the double jeopardy provisions of the federal and state constitutions. Due process constraints were followed in imposing the new sentence. We remand, however, for a recomputation of credit for time served on the invalid consecutive probationary term.

Appellant was serving the invalid consecutive probationary term when arrested on another charge on December 18, 1981, and held in county jail pending revocation proceedings. Upon resentencing the trial court gave appellant credit for confinement from December 18, 1981.

We cannot determine with certainty when appellant began serving the invalid probation. Probation is punishment for the purpose of double jeopardy analysis. *State v. Dean,* 111 Wis. 2d 361, 364, 330 N.W.2d 630, 632 (Ct. App. 1983). To avoid twice punishing appellant for the same offense, credit must also be granted for any portion of time served on the invalid consecutive probationary term prior to December 18, 1981. *See North Carolina v. Pearce,* 395 U.S. at 718–19.

*By the Court.*—Order affirmed and matter remanded for recomputation of credit against the sentence for time served.