STATE of Wisconsin, Plaintiff-Respondent,

v.

Larry Gene SOLLES, Defendant-Appellant.†

Court of Appeals

*No. 91–0713. Submitted on briefs December 10, 1991.—Decided May 28, 1992.*

(Also reported in 485 N.W.2d 457.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *John Pray* of *Legal Assistance to Institutionalized Persons Program* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Marguerite M. Moeller,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   Larry Solles appeals from an order denying his motion to reduce the sentence the trial court imposed after vacating his original sentence. The question is whether when resentencing a defendant, the trial court may take into account present circumstances concerning the defendant's good record and character. We hold to the contrary: the sentence must be based upon the circumstances as they existed when the original sentence was imposed. We therefore affirm.

In 1976, Solles was sentenced to terms totalling sixty years. The trial court imposed the maximum sentence for each conviction and directed that they be served consecutively: thirty years for armed robbery, twenty-five years for second-degree murder, and five years for concealing his identity.[1] In 1988, the court vacated the sentences and ordered that Solles be resentenced because a separate sentence for concealing identity under sec. 946.62, Stats. (1975), was improper, since

---

[1]Sections 943.32(1)(a) and (2), 940.02, and 946.62, Stats. (1975), respectively.

that penalty-enhancer statute does not create a substantive offense.[2]

Solles was resentenced in 1990. At the resentencing hearing Solles presented evidence of his good conduct in the prison during the previous fourteen years and of his educational achievements, employment prospects and character references. The hearing was held before the same judge who had presided at his trial and had sentenced him in 1976. The court acknowledged that Solles was a changed person and expressed the belief that Solles will not again be involved in the criminal justice system. The court concluded that it could not consider Solles' postconviction conduct and his present character. The court sentenced Solles to a total of fifty-five years on consecutive terms of twenty-five years for the murder conviction and thirty years for the armed robbery conviction.

To support his motion to modify the 1990 sentence, Solles argued that when resentencing him the trial court could have considered his present character and good conduct as demonstrated over the past fourteen years. The court was uncertain whether it had that discretion, but said that Solles' changed character is best evaluated by the parole authorities. The court said that when it resentenced him, it had relied upon the same primary reasons for imposing the maximum sentences in 1976: the serious nature of the crimes, Solles' past criminal record, and his need for rehabilitation. The court denied the motion to modify.

■

Whether when resentencing a defendant the court may take into account the defendant's present character

[2]*See Schroeder v. State,* 96 Wis. 2d 1, 7, 291 N.W.2d 460, 463 (1980) (sec. 946.62 does not create separate and independent substantive offense).

and good conduct since the original sentence is a question of law. We decide questions of law without deferring to the trial court's view. *State v. Hegwood,* 113 Wis. 2d 544, 547, 335 N.W.2d 399, 401 (1983).

Our conclusion that when resentencing a defendant the trial court must consider only the circumstances existing when defendant was first sentenced is based on *State v. Martin,* 121 Wis. 2d 670, 360 N.W.2d 43 (1985), and *Grobarchik v. State,* 102 Wis. 2d 461, 307 N.W.2d 170 (1981). The *Martin* court held that when resentencing a defendant after vacating the original sentence, the trial court properly implemented the original dispositional scheme rather than exercising its discretion anew. *Id.* at 688, 360 N.W.2d at 52. The *Martin* court relied on *Grobarchik,* 102 Wis. 2d at 473–74, 307 N.W.2d at 177. The *Grobarchik* court held that when a defendant is resentenced to correct an invalid sentence, the trial court's reasons for modifying the first sentence "must be based upon a desire to implement the original dispositional scheme as manifested by the record in the first sentencing proceeding." *Id.* at 474, 307 N.W.2d at 177. In short, the "original dispositional scheme," and therefore the circumstances at the time of the original sentence, control the resentencing.

In *Martin* and *Grobarchik* the problem was to ensure that the resentencing judge did not penalize a defendant for exercising his postconviction rights. Compelling the trial court to "implement the original dispositional scheme . . . will insure that resentencing will not be motivated by a desire to penalize the defendant" for that exercise. *Grobarchik,* 102 Wis. 2d at 474, 307 N.W.2d at 177. The resentencing court must adhere to the original scheme. "To encourage the judge at resentencing to exercise independent discretion [would be] inconsistent with the purpose of implementing the origi-

569

nal dispositional scheme. . . ." *Martin,* 121 Wis. 2d at 688, 360 N.W.2d at 52.

Penalizing the defendant is not the problem here. Solles' postconviction history perhaps justifies confidence that he can be safely paroled. But parole boards are in a better position than the courts to decide whether a defendant's prison record and present character warrant parole. The courts base their sentences on the circumstances before them at the time of sentencing. Future decisions affecting release are reserved to the department of corrections.

Solles contends that because the courts base their sentences on the circumstances before them at the time of sentencing, the resentencing court not only may but must take into account his present character and his good prison record. He relies on *State v. Pierce,* 117 Wis. 2d 83, 88, 342 N.W.2d 776, 779 (Ct. App. 1983). In *Pierce* the defendant's sentence was vacated, and the resentencing court imposed an increased punishment. Our concern was with the "potential for vindictiveness." *Id.* We said, "To protect against the potential for vindictiveness which might inhibit the pursuit of post-conviction redress, new factors must be articulated by the resentencing court to justify an increase in sentence." *Id.* We held that Pierce's having been arrested for two batteries committed after the original sentence was imposed was a new factor. *Id.* at 88, 342 N.W.2d at 779–80.

The state contends that we erred in *Pierce.* Because the court of appeals believes itself bound by its published precedents, *State v. Lee,* 157 Wis. 2d 126, 130 n.4, 458 N.W.2d 562, 563 n.4 (Ct. App. 1990), we will not depart from that decision. This appeal, however, does not involve the vindictiveness potential present in *Pierce.* The question here is whether the resentencing court,

relying on changed circumstances, may impose a lesser sentence. For that reason, our holding in *Pierce* does not bind us.[3] Furthermore, even if a new factor analysis is appropriate in Solles' case, we have held that a good prison record is not a new factor justifying a modification of a sentence. *State v. Kaster,* 148 Wis. 2d 789, 804, 436 N.W.2d 891, 897 (Ct. App. 1989); *State v. Krueger,* 119 Wis. 2d 327, 335, 351 N.W.2d 738, 742 (Ct. App. 1984).

Moreover, two unsatisfactory consequences would result if trial courts may take into account a defendant's good prison record and present character on a resentencing after vacating the original sentence. Such a rule would benefit the small number of defendants whose sentences are vacated because of the fortuity of a sentencing error. It would not benefit the many defendants whose sentences are not vacated and whose postconviction records and present records are just as good, since those factors are no basis for a sentence modification. *Kaster,* 148 Wis. 2d at 804, 436 N.W.2d at 897; *Krueger,* 119 Wis. 2d at 335, 351 N.W.2d at 742. Second, the courts would usurp the parole board's role.

Other jurisdictions have adopted a different rule. Without discussing the aspects we have reviewed, the Supreme Court of Nebraska approved of the trial court's considering the exemplary conduct of a defendant during his incarceration before he was resentenced. *State v. Suggett,* 264 N.W.2d 876, 879–80 (Neb. 1978). The Michigan Supreme Court requires that an updated

---

[3]Were *Pierce* before us as an original matter, we probably would not employ a "new factor" analysis. The new factor requirement in *North Carolina v. Pearce,* 395 U.S. 711, 726 (1969), does not apply when the defendant is resentenced without a retrial. *Grobarchik,* 102 Wis. 2d at 471–73, 307 N.W.2d at 176–77 (1981).

presentence report be submitted to the resentencing court when the original report fails to reflect the defendant's prison conduct and progress toward rehabilitation during his intervening incarceration. *People v. Triplett,* 287 N.W.2d 165, 166 (Mich. 1980) (per curiam).

Given the Wisconsin case law and the results of a different rule, we conclude that the resentencing court must take into account only the circumstances existing at the time of the original sentencing.

*By the Court.*—Order affirmed.