STATE of Wisconsin, Plaintiff-Respondent,

v.

Jimmy A. CARTER, Defendant-Appellant-Petitioner.

Supreme Court

*No. 94–2001–CR. Oral argument December 4, 1996.—Decided March 19, 1997.*

(Also reported in 560 N.W.2d 256.)

For the defendant-appellant-petitioner there were briefs by *John Allan Pray* and *Legal Assistance Program, University of Wisconsin Law School*, Madison and oral argument by *John Allan Pray*.

For the plaintiff-respondent the cause was argued by *Marguerite M. Moeller*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, Chief Justice. This is a review of an unpublished decision of the court of appeals, *State v. Carter*, No. 94–2001-CR, unpublished slip op. (Wis. Ct. App. Oct. 26, 1995), affirming a judgment of the Circuit Court for Rock County, J. Richard Long, Judge. In resentencing Jimmy Carter, the defendant, the circuit court refused to consider information about events and circum-

stances that occurred after the initial sentencing hearing.

¶ 2. The issue before this court is whether on resentencing a circuit court should consider information about events and circumstances either that the sentencing court was unaware of at the initial sentencing or that occurred after the initial sentencing.[1] We conclude that a circuit court should have available to it all information relevant to determining the appropriate sentence. Accordingly, we hold that a circuit court should, in imposing a sentence at a resentencing proceeding, consider all information relevant about a defendant, including information about events and circumstances either that the sentencing court was unaware of at the initial sentencing or that occurred after the initial sentencing.[2]

¶ 3. This case does not involve sentence modification. Sentence modification involves an entirely different line of authority than resentencing. The purpose of sentence modification is to allow a court to correct a sentence when new factors frustrate the purpose of the sentencing court. *State v. Franklin*, 148 Wis. 2d 1, 14, 434 N.W.2d 609 (1989). To promote the policy of finality of judgments, strict rules govern the information that can be considered in a request for sentence modification. *Id.* at 9. There is no finality

---

[1] This issue is a question of law which this court determines independently of the circuit court or court of appeals, benefiting from the analyses of those courts.

[2] In addition to any constitutional requirements set forth in *North Carolina v. Pearce*, 395 U.S 711 (1969), and its progeny, a resentencing court is required under state law to explain the basis for its sentence on the record. *McCleary v. State*, 49 Wis. 2d 263, 280–82, 182 N.W.2d 512 (1971); *In re Felony Sentencing Guidelines*, 120 Wis. 2d 198, 201, 353 N.W.2d 793 (1984).

concern when the court imposes a new sentence after the initial sentence has been held invalid.

## I.

¶ 4. The facts are not in dispute. The defendant pled guilty to one count of false imprisonment while armed. Relying on a presentence investigation report which included the results of a psychological test administered to the defendant, the circuit court sentenced the defendant to the maximum term of five years in prison. The defendant filed a postconviction motion under Wis. Stat. § 809.30, requesting a resentencing hearing on the ground that the psychological testing methodology was flawed. At the hearing on the motion, the prosecutor, while not conceding error, agreed to a resentencing "in the interests of judicial expediency." The circuit court granted a hearing for resentencing and vacated the initial sentence.[3]

¶ 5. At the resentencing hearing, the defendant's attorney attempted to introduce information about the defendant that had not existed at the initial sentencing hearing. According to the new information: (1) the defendant had been offered employment to begin upon his release from prison; (2) the defendant had participated in an alcohol treatment program at the prison; (3) the defendant had established a positive record of behavior at the prison with no negative conduct reports; and (4) a previously pending charge against the defendant had been dismissed. Relying on *State v.*

---

[3] On the agreement of the parties, the circuit court did not consider psychological reports at the resentencing hearing. We do not decide whether vacating the initial sentence and granting a new sentencing hearing were required. We treat the present case, as do the defendant and the State, as one involving a resentencing following an invalid initial sentence.

*Solles*, 169 Wis. 2d 566, 485 N.W.2d 457 (Ct. App. 1992), the circuit court refused to consider the information about events and circumstances that occurred after the initial sentencing. The circuit court concluded that at a resentencing proceeding, it could consider only the events and circumstances existing at the time of the initial sentencing.

¶ 6. The court of appeals adopted the analysis presented in *Solles* and affirmed the judgment of the circuit court.

II.

¶ 7. Our analysis begins with a review of the significant case law on resentencing. A leading case on the constitutional limits to a trial court's powers on resentencing is *North Carolina v. Pearce*, 395 U.S. 711 (1969). In *Pearce*, which involved a resentencing after an initial conviction was vacated, the Court recognized the power of a resentencing court to impose a greater sentence than the one imposed at the initial sentencing. To assure a defendant the protection against vindictiveness required by due process principles, the *Pearce* Court concluded that an increase in the sentence must be supported by reasons set forth on the record "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 726.[4] The Wisconsin supreme court

---

[4] Prior to *Pearce*, the Wisconsin supreme court addressed resentencing in *State v. Leonard*, 39 Wis. 2d 461, 473, 159 N.W.2d 577 (1968). In *Leonard*, the court concluded that a circuit court may impose an increased sentence on resentencing if (1) events warranting an increased penalty occur or come to the resentencing court's attention subsequent to the imposition of the initial sentence; and (2) the resentencing court affirmatively

has read the *Pearce* rule as extending to information about events and circumstances either that the circuit court was unaware of at the initial sentencing or that occurred after the original sentencing. *See State v. Stubbendick*, 110 Wis. 2d 693, 698–700, 329 N.W.2d 399 (1983) (initial guilty plea and sentence vacated; resentence after reconviction on jury trial; resentencing court properly considers amplified knowledge of defendant's crime and a new presentence report including conduct after initial sentencing); *Denny v. State*, 47 Wis. 2d 541, 545–46, 178 N.W.2d 38 (1970) (initial conviction vacated; resentence after second trial; resentencing court erred by failing to state on the record reasons based on new information or newly known information warranting increased sentence).

¶ 8. The Wisconsin supreme court has affirmed increased resentences in circumstances distinct from those of *Pearce*. *See State v. Grobarchik*, 102 Wis. 2d 461, 471–74, 307 N.W.2d 170 (1981), and *State v. Martin*, 121 Wis. 2d 670, 686–88, 360 N.W.2d 43 (1985). In *Grobarchik* and *Martin*, unlike in *Pearce*, neither the resentencing court nor the supreme court was asked to consider the defendant's conduct after the original sentencing. The court in *Grobarchik* and *Martin* concluded that the *Pearce* rule requiring that a court state new information warranting an increased sentence was not

states in the record its ground for increasing the sentence. In *Leonard* the court disclaimed any distinction between a resentencing necessitated by an invalid conviction and one necessitated only by an invalid sentence. *Pearce* has been modified by subsequent decisions of the United States Supreme Court. *See, e.g.*, Jonathan D. Youngwood, Note, *The Presumption of Judicial Vindictiveness in Multi-Count Resentencing*, 60 U. Chi. L. Rev. 725, 729–36 (1993). None of the modifications bears on the issues presented in this case.

applicable and distinguished *Pearce* as a case involving an invalid conviction rather than only an invalid sentence. The court held in *Grobarchik* and *Martin* that when an initial sentence cannot be carried out because it was not authorized by law, an increased sentence is permissible only when "based upon a desire to implement the original dispositional scheme as manifested by the record in the first sentencing proceeding." *Grobarchik*, 102 Wis. 2d at 474; *Martin*, 121 Wis. 2d at 687.

¶ 9. In *Grobarchik* and *Martin*, as in *Pearce*, the court was concerned that a resentencing court not penalize a defendant for exercising postconviction rights to challenge a sentence. The court concluded that compelling a resentencing court to implement the original dispositional scheme, rather than allowing it to re-examine the relevant information available at the initial sentencing and exercise its independent judgment, protected a defendant from a sentence tainted by vindictiveness. *Grobarchik*, 102 Wis. 2d at 474; *Martin*, 121 Wis. 2d at 687. *Grobarchik* and *Martin* thus extended protections similar to those in *Pearce* to a narrow class of cases apparently thought not to fall within the *Pearce* rule.

¶ 10. *Grobarchik* and *Martin* had no cause to, and did not, address the limits to a circuit court's consideration of new information at all resentencings which follow valid convictions but invalid sentences. *Grobarchik* and *Martin* were concerned with a resentencing court's authority to impose an increased sentence on a basis other than that of the defendant's conduct occurring after the original sentencing.

¶ 11. In *State v. Pierce*, 117 Wis. 2d 83, 342 N.W.2d 776 (Ct. App. 1983), the circuit court imposed an invalid sentence, a term of probation consecutive to

an existing probation term. On resentencing, the circuit court vacated the invalid probationary term and sentenced Pierce to two years in prison. *Id.* at 85. The stated reason for the increased sentence was Pierce's arrest for two batteries committed after the initial sentencing. Citing *Pearce* and *Stubbendick*, the court of appeals held that the batteries were new information that provided adequate reason for the increased sentence and that the circuit court was not motivated by vindictiveness. The court of appeals did not refer to the requirement set forth in *Grobarchik* or *Martin* that the original dispositional scheme be followed in some resentencings.

¶ 12. In 1992, the court of appeals decided *Solles*, 169 Wis. 2d 566, in which resentencing was required because the initial sentence was found invalid. Seeking to have the circuit court impose a lesser sentence, Solles wanted to introduce evidence at the resentencing hearing of his good conduct in prison during the previous 14 years, as well as character references and evidence of his achievements and employment prospects. The court of appeals concluded that this information could not be considered when resentencing resulted from an invalid sentence. According to the court of appeals, the requirement in *Grobarchik* and *Martin* that the resentencing court implement "the original dispositional scheme as manifested by the record in the first sentencing proceeding" meant that the resentencing court was limited to considering only the circumstances existing at the time of the initial sentencing. *Solles*, 169 Wis. 2d at 569.

¶ 13. In the *Solles* case the State argued, much as it does in the present case, that *Pierce* is inconsistent with *Grobarchik* and *Martin* and should be overruled. According to the State, the court of appeals distin-

151

guished *Pierce* in *Solles*, concluding that in *Pierce* the court of appeals had faced the question of possible vindictiveness by a resentencing court, expressed in an increased sentence, whereas in *Solles* it faced the question of a resentencing court imposing a lesser sentence.[5]

¶ 14. According to the decisions of the court of appeals, on resentencing (when the initial conviction is valid but the sentence is not), a circuit court may use new information unfavorable to the defendant to impose a greater sentence than initially imposed, *Pierce*, but may not use new information favorable to the defendant to impose a lesser sentence than initially imposed, *Solles*. The parties agree, and we conclude, that this position is unsupportable.

## III.

¶ 15. With this background we now turn to the issue in this case. The defendant asks the court to overrule the court of appeals' decision in *Solles* and allow a resentencing court to consider new information to

---

[5] The court of appeals was not persuaded by this distinction and pointed out that if *Pierce* were before it as "an original matter," it probably would not have ruled the same way. *Solles*, 169 Wis. 2d 566, 571 n.3, 485 N.W.2d 457 (Ct. App. 1992). In deciding *Solles* the court of appeals was aware of the two cases' contradictory treatment of new information but declined to overrule *Pierce* in the belief that it was bound to adhere to its published decisions. *Solles*, 169 Wis. 2d at 570. The question of whether the court of appeals has the power to overrule one of its published decisions has been raised in a number of cases. In *Cook v. Cook*, 208 Wis. 2d 167, 560 N.W.2d 246 (1997), of even date, we hold that the court of appeals may not overrule, modify or withdraw language from a previously published decision of the court of appeals.

reduce or increase an initial sentence. The State asks the court to adhere to *Solles*, overrule *Pierce*, and direct that a resentencing court consider neither favorable nor unfavorable information about events or circumstances occurring after the initial sentencing.

¶ 16. The State urges the court to recognize two types of resentencing proceedings: (1) a resentencing proceeding after the initial conviction has been invalidated and a new conviction is entered; and (2) a resentencing proceeding after the initial sentencing has been invalidated but the initial conviction is valid.

¶ 17. The State reasons that when resentencing is required after a conviction is vacated there is no longer any basis for the initial sentence and a circuit court should treat the resentencing as a totally new proceeding. In such cases, according to the State, resentencing is to be viewed as the initial sentencing and all relevant information available at the time of resentencing may be considered. The State reads *Pearce*, *Denny* and *Stubbendick* as supporting this result.

¶ 18. The State distinguishes *Pierce*, *Solles* and the present case as cases falling into the second category, in which the initial conviction stands and only a resentencing is required. According to the State, a circuit court conducting a resentencing proceeding after a valid initial conviction can consider only information existing at the time of the initial sentencing, because a circuit court on resentencing sits in the position of the circuit court immediately after the valid conviction.

¶ 19. The State further argues that in *Pierce*, *Solles* and the present case, although the sentences were invalid, resentencing was not required to correct errors infecting the entire sentencing proceedings. The State urges that under these circumstances only information

available at the initial sentencing should be considered at the resentencing.

¶ 20. The State therefore urges that we adhere to the *Solles* decision and hold that *Solles* controls the case at bar. Acknowledging the inconsistency between *Solles* and *Pierce*, the State urges us to overrule *Pierce* as wrongly decided and in conflict with *Martin* and *Grobarchik*. Furthermore, the State asserts that if *Pierce* were to remain the law, fairness dictates that a resentencing court should also be able to consider information reflecting favorably on a defendant to support a reduced sentence as in the present case. Brief for State in *Solles* at 7; Brief for State in *Carter* at 20.

¶ 21. In sum, the State contends that a resentencing court should consider favorable or unfavorable information about a defendant which relates to events and circumstances occurring after the initial sentencing only when the resentencing follows an invalid conviction but that a resentencing court may not consider such information when the resentencing results from an invalid sentence following a valid conviction.

¶ 22. We are not persuaded by the State's position.

¶ 23. First, we cannot discern a generally applicable distinction between resentencing following an invalid conviction and resentencing solely to correct an invalid sentence. The nature of the error necessitating the resentencing does not bear on the scope of information that a resentencing court should consider. When a resentencing is required for any reason, the initial sentence is a nullity; it ceases to exist. The role of the resentencing court is the same regardless of the procedural history leading to the resentencing. We reiterate what the *Leonard* court stated in 1968: "[W]e see no

good reason for distinguishing those cases [in which the conviction was invalid] from situations involving only resentencing." *State v. Leonard*, 39 Wis. 2d 461, 465, 159 N.W.2d 577 (1968).[6]

¶ 24. Second, for the same reasons stated above we decline to distinguish a resentencing based on errors infecting the entire sentencing proceedings from other resentencings.

¶ 25. Third, we do not read *Grobarchik* and *Martin* as applicable to resentencing generally. *Grobarchik* and *Martin* require that a resentencing court state on the record the reasons for the increased sentence and that the reasons be based on a desire to implement the initial sentencing court's original dispositional scheme.

---

[6] Consistent with *Leonard*, the federal courts of appeals which have considered the issue have failed to find in *Pearce* any distinction between invalid conviction and invalid sentence. For example, the seventh circuit has stated: "We see no reason to distinguish, on the basis of [the *Pearce*] rationale, the case of resentencing after retrial from the case of resentencing after vacation of an illegal sentence. The same threat of vindictiveness is present, and the same safeguards are necessary." *United States v. Jefferson*, 760 F.2d 821, 825 (7th Cir. 1985). *See also United States v. Vontsteen*, 950 F.2d 1086, 1089 n.2 (5th Cir. 1992) ("We have found no case that expressly limits *Pearce* in this way.") (collecting cases). In 1980 the American Bar Association recommended that there be no increased sentences on resentencing and that "this limitation should be observed regardless of whether the new sentence follows a reversal of the underlying conviction or only a remand of the prior sentencing decision at the instance of the defendant." ABA Criminal Justice Standard 18–4.9 at p. 18.323 and Commentary at p. 18.325–26 (2d ed. 1980). In 1994 chapter 18 on sentencing was extensively rewritten. Section 18–4.9, addressing resentencing, has been eliminated.

*Grobarchik* and *Martin* address an unusual fact situation. Without revisiting these cases, we now clarify that they are limited to their facts. The rule established in those cases applies only when the initial conviction is valid, the initial sentence is invalid, the resentencing court has no new information or newly known information, and the resentencing court seeks to impose a greater sentence. We reiterate that the rule of *Grobarchik* and *Martin* is to assure compliance with the due process principle that vindictiveness must play no role in resentencing. A defendant must not be penalized for, or dissuaded from, exercising the right to challenge an invalid sentence or conviction. *See Denny*, 47 Wis. 2d at 544.

■

¶ 26. Finally, we conclude that *Pierce* is consistent with the principles we enunciate today and that *Solles* is not. *Solles* does not comport with the role of a sentencing court and we therefore overrule it.

■

¶ 27. The law is clear that to fashion an appropriate sentence a sentencing court should consider all relevant and available information. The primary considerations in imposing a sentence are the gravity and nature of the offense (including the effect on the victim), the character of the defendant and public safety.[7] The court has emphasized the importance of a sentencing court's consideration of a broad range of

---

[7] *State v. Ogden*, 199 Wis. 2d 566, 571, 544 N.W.2d 574 (1996) ("[S]entence must at the very least be based on the 'gravity of the offense, the character of the offender and the need for the protection of the public.' "); *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975) ("It is well settled that all information relevant to sentencing should be brought to the attention of the trial judge.").

information at sentencing.[8] As the Tenth Circuit Court of Appeals stated: "In the exercise of the difficult discretionary function of imposing sentence upon a convicted or confessed criminal, the sentencing judge is entitled to all the help he [or she] can get." *United States v. Majors*, 490 F.2d 1321, 1322 (10th Cir. 1974).

¶ 28. The circuit court's role in determining an appropriate sentence is the same whether the proceeding is an initial sentencing or a resentencing. In determining an appropriate sentence, both the sentencing and resentencing courts should have accurate, complete and current information.

¶ 29. The State claims that two policy considerations explained by the *Solles* court support the *Solles* result. *Solles* 169 Wis. 2d at 571. First, the State contends that a defendant who uses a resentencing proceeding to introduce new information resulting in a lesser sentence would essentially receive a windfall unavailable to other defendants. We conclude that it cannot be considered a windfall for a defendant to receive a sentence based on complete information. A resentenced defendant is in no better position than any other defendant who is afforded the opportunity to present all relevant information available at the time of valid sentencing. Furthermore, the new information

---

[8] *See, e.g., Elias v. State*, 93 Wis. 2d 278, 285, 286 N.W.2d 559 (1980) ("The responsibility of the sentencing court is to acquire full knowledge of the character and behavior pattern of the convicted defendant before imposing sentence."). *See also Wasman v. United States*, 468 U.S. 559, 563 (1984) ("The sentencing court or jury must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed.").

can result in either an increase or a decrease in a defendant's sentence.

¶ 30. Second, the State argues that allowing a resentencing court to consider events and circumstances occurring after the initial sentencing usurps the function of the parole board. This argument confuses the roles of the resentencing court and the parole board. The function of the resentencing court is to impose an appropriate penalty within the parameters prescribed by the legislature. The role of the parole board derives from the function of the executive to grant paroles and pardons. Wis. Stat. ch. 304. Some of the factors a court considers when imposing a sentence on a convicted defendant are similar to the factors considered by the parole board when deciding whether to grant parole. The parole board does not, however, act until after a valid sentence is imposed on a convicted defendant. Therefore, its role is not usurped if a resentencing court considers new information relevant to imposing a valid sentence after an initial sentence has been vacated.

[8]

¶ 31. For the reasons stated, we hold that a circuit court should, in imposing a sentence at resentencing, consider all information relevant about a defendant, including information about events and circumstances either that the sentencing court was unaware of at the initial sentencing or that occurred after the initial sentencing. The decision of the court of appeals is therefore reversed, and the cause is remanded to the circuit court for resentencing.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded.

¶ 32. DONALD W. STEINMETZ, J. (*dissenting*). I believe that precedential case law from this court mandates that on resentencing to correct an invalid sentence, a circuit court should only consider information that was available to the court at the time of the original sentencing. Consequently, I dissent from the majority opinion.

¶ 33. *Grobarchik v. State*, 102 Wis. 2d 461, 307 N.W.2d 170 (1981), involved the improper sentencing of a criminal defendant by the trial court, and the proper means by which to remedy such an invalid sentence. The court held "that a resentencing proceeding is the proper method for correcting the type of error involved in this matter." *Id.* at 466. This court distinguished the situation in *North Carolina v. Pearce*, 395 U.S. 711 (1969) involving a resentencing after a reconviction, from the situation in *Grobarchik* where the original conviction was valid, but the original sentence was not. 102 Wis. 2d at 471–72. In doing so, this court explained the rules applicable in a resentencing based on an invalid conviction:

> When a defendant is resentenced for the purpose of correcting a prior invalid sentence, and when, as compared with the original sentence, the liberty interests of the defendant are substantially and adversely affected, the trial court must state on the record the reasons for so modifying the first sentence. **His reasons must be based upon a desire to implement the original dispositional scheme as manifested by the record in the first sentencing proceeding.**

*Id.* at 474 (citations omitted) (emphasis added). Thus, based on this court's decision in *Grobarchik*, when resentencing a defendant based on an original, invalid sentence, a court must consider only the facts and cir-

cumstances as they existed at the time of the first sentencing proceeding.

¶ 34. This court relied on the *Grobarchik* opinion in *State v. Martin*, 121 Wis. 2d 670, 360 N.W.2d 43 (1985), an opinion written for the court by Justice Shirley S. Abrahamson.[1] *Martin* involved questions regarding the proper means of resentencing a defendant after one of his two original convictions was vacated on double jeopardy principles. The court concluded that it was proper for the judge on resentencing to rely only on the original dispositional scheme as it existed at the time of the first sentencing. It explained as follows:

> Applying the principles set forth in *Grobarchik*, we conclude that because the circuit judge resentenced this defendant to correct a prior invalid sentence, the circuit court correctly attempted to implement the original dispositional scheme reflected by the record in the first sentencing proceeding. The new sentence was properly based on the record as initially compiled by the sentencing judge **without any new evidence**.

*Id.* at 688 (emphasis added).

¶ 35. In the majority opinion in the case at bar, *State v. Carter*, the court indicates that it is treating "the present case. . .as one involving a resentencing following an invalid initial sentence." Majority op. at 147, note 3. Because this case involves an invalid sentence, precedent from this court requires that the resentencing court base the new sentence "on the

---

[1] Chief Justice Abrahamson is the author of the majority opinion in *State v. Carter*, 208 Wis. 2d 142, 560 N.W.2d 256 (1997).

160

record as initially compiled by the sentencing judge without any new evidence." *Martin*, 121 Wis. 2d at 688.

¶ 36. Although the majority skirts the issue in its opinion in *Carter*, it is effectively overruling two decisions from this court, *Grobarchik* and *Martin*. Ignoring the plain language of these cases, as cited above, the majority attempts to distinguish these precedents by arguing, without support from the cases themselves, that "they are limited to their facts" and that the rules of these cases were "to assure compliance with the due process principle that vindictiveness must play no role in resentencing." Majority op. at 155–56. However, in a recent decision written on behalf of this court by Chief Justice Abrahamson, the court noted that "when a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a dictum but is a judicial act of the court which it will thereafter recognize as a binding decision." *Risser v. Klauser*, 207 Wis. 2d 177, 558 N.W.2d 108 (1997) (citations omitted). Consequently, the rules of *Grobarchik* and *Martin* are binding decisions of this court. I am unpersuaded by attempts of the majority to distinguish these cases and am convinced that the distinctions it offers are unfounded.

¶ 37. The majority opinion flies in the face of the long-standing principles of the doctrine of *stare decisis*. "[T]he doctrine of *stare decisis*. . . is a doctrine that demands respect in a society governed by the rule of law." *Akron v. Akron Center for Reproductive Health*, 462 U.S. 416, 419–20 (1983), *overruled on other grounds by Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992). Such "fidelity to precedent" helps to ensure that the existing law will "not be abandoned without strong justification." *State*

*v. Stevens*, 181 Wis. 2d 410, 441, 511 N.W.2d 591 (1994) (Abrahamson, J., concurring), *cert. denied*, __ U.S. __, 115 S. Ct. 2245 (1995). When existing law "is open to revision in every case, 'deciding cases becomes a mere exercise of judicial will, with arbitrary and unpredictable results.' " *Citizens Utility Bd. v. Klauser*, 194 Wis. 2d 484, 513, 534 N.W.2d 608 (1995) (Abrahamson, J., dissenting) (citation omitted). Unless there is a compelling reason to divert from its precedent, a court should abide by the precedent it has established.

¶ 38. As I explained above, the majority in this case has effectively overruled its own precedent set in *Grobarchik* and *Martin*, but has done so without any "strong justification." Instead, the majority relies on several cases that can be easily distinguished from this case, *North Carolina v. Pearce*, 395 U.S. 711 (1969); *State v. Stubbendick*, 110 Wis. 2d 693, 698–700, 329 N.W.2d 399 (1983); *Denny v. State*, 47 Wis. 2d 541, 545–46, 178 N.W.2d 38 (1970), in support of its ultimate holding. Each of these cases involved a resentencing that took place after the defendant's original conviction had been vacated and he had been reconvicted. In such a case, where the initial conviction has been vacated, it is as though the initial sentence never existed. Under those circumstances, it would be perfectly natural for a sentencing court to consider all relevant information at the time of this resentencing because the "original dispositional scheme" would consist of the factors in existence at the time of the reconviction and resentencing.

¶ 39. In the case at bar, the original conviction has not been vacated; it still stands. This is not a situation like that in *Pearce*, *Stubbendick*, or *Denny*. Instead, this case involves a need for a resentencing based on a previous invalid sentence. This court has

concluded that there is a difference between these two scenarios, and that when a resentencing is needed due to an invalid sentence, the court should consider only the factors in the record at the time of the original sentencing. *See Grobarchik*, 102 Wis. 2d at 472 ("[t]he facts of *Pearce* are distinguishable from the present controversy"); *Martin*, 121 Wis. 2d at 686 (the *Pearce* rule "applies only to resentencing after retrial").

¶ 40. Instead, this case is much more similar to the court of appeals' decision in *State v. Solles*, 169 Wis. 2d 566, 485 N.W.2d 457 (Ct. App. 1992). Solles was originally sentenced to terms totaling 60 years' imprisonment—30 years for armed robbery, 25 years for second-degree murder, and five years for concealing his identity. Twelve years later, the court vacated the sentences and ordered that Solles be resentenced because a separate sentence for concealing identity, a penalty-enhancer, was improper. At the resentencing hearing, Solles presented evidence of his good conduct in prison and of his educational achievements, employment prospects, and character references. The trial court concluded that it could not consider Solles' postconviction conduct or his present character.

¶ 41. In affirming the trial court, the court of appeals held that "the sentence must be based upon the circumstances as they existed when the original sentence was imposed." 169 Wis. 2d at 567. The *Solles* court based its decision on this court's decisions in *Martin*, 121 Wis. 2d 670, and *Grobarchik*, 102 Wis. 2d 461, which were summed up in *Solles* as standing for the proposition that the " 'original dispositional scheme,' and therefore the circumstances at the time of the original sentence, control the resentencing." *Id.* at 569.

¶ 42. The State in the present case, *State v. Carter*, urges this court to uphold *Solles*. The State

163

argues that the rule in *Solles* does not prevent a trial court from sentencing a defendant based on accurate and relevant information. The State claims that Carter incorrectly assumes that all new information is relevant despite the reason for resentencing and ignores the fact that a defendant in Wisconsin has other avenues to place such new evidence before the court, such as a sentence modification hearing. I find the arguments of the State persuasive, and believe that this court should uphold *Solles* because it is based on controlling precedent from this court.

¶ 43. The court in *Solles* also cites two policy reasons for not allowing a court to consider a defendant's present character and good record at sentencing: 1) allowing such consideration would benefit the small number of defendants whose sentences are vacated because of the fortuity of a sentencing error; and 2) allowing such consideration would usurp the role of the parole board. *Id.* at 571. This court should consider the policy implications of its decisions before rendering them. In this case, policy considerations such as these were quickly dismissed by the majority with little discussion. I believe that such policy considerations are valid concerns, and that the *Solles* court accurately identified two potential downfalls of the new rule proposed by the majority.

¶ 44. In conclusion, I would affirm the court of appeals' decision that a court should only consider the information as it existed at the time of the initial sentencing proceeding when it is resentencing a defendant. Case law from this court requires this rule, and it is a rule that makes sense. Otherwise, there is a lack of finality to sentences; only a few defendants are rewarded because they are fortunate enough to have initially received an invalid sentence, and the role of

the parole board is usurped. However, I agree with the State that the court of appeals' decision in *State v. Pierce*, 117 Wis. 2d 83, 342 N.W.2d 776 (Ct. App. 1983), must be overruled because it violates the rule established in *Grobarchik* and *Martin*. *See* majority op. at 150–51, 155–56. Consequently, I would reverse that portion of the court of appeals' decision upholding its earlier decision in *Pierce*. A defendant seeking to introduce positive changes, or a prosecutor seeking to use negative changes, may properly do so either through a motion for modification of sentence or by appearing before a parole board. The motion for modification may be heard at the same time as the resentencing hearing.

¶ 45. For the foregoing reasons, I would affirm in part and reverse in part the court of appeals' decision.

¶ 46. I am authorized to state that JUSTICES Jon P. Wilcox and N. Patrick Crooks join this dissenting opinion.