STATE of Wisconsin, Plaintiff-Respondent,

v.

Lord L. STURDIVANT, Defendant-Appellant.†

Court of Appeals

*No. 2007AP2508–CR. Submitted on briefs September 29, 2008.
—Decided December 23, 2008.*

2009 WI App 5

(Also reported in 763 N.W.2d 185.)

† Petition to review denied 4/14/09.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven D. Phillips*, assistant state public defender of Madison.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. SNYDER, J. Lord L. Sturdivant appeals from an amended judgment of conviction reflecting the circuit court's decision to correct an invalid sentence by increasing Sturdivant's sentence from thirty years to thirty-three years. Sturdivant contends that the circuit court engaged in judicial vindictiveness when it increased his sentence after he successfully challenged the court's initial sentence. We disagree. Sturdivant also argues that the circuit court improperly deprived him of a second resentencing when it treated his second motion for resentencing as a motion for sentence modification and reduced the extended supervision term from eight years to six and one-half years.[1] He asserts that he is entitled to resentencing before a new judge. We disagree. Finally, it is undisputed that the current modified sentence does not implement the intent of the circuit court, which was to impose the minimum period of extended supervision required to comply with Truth In Sentencing-I (TIS-I). *See* WIS. STAT. § 973.01(2)(d) (1999–2000).[2] We therefore modify the sentence to reflect the original dispositional scheme within the confines of TIS-I. As modified, we affirm.

---

[1] Sentence modification is appropriate to "correct specific problems." *State v. Wood*, 2007 WI App 190, ¶ 9, 305 Wis. 2d 133, 738 N.W.2d 81. Resentencing is appropriate "when it is necessary to completely re-do the invalid sentence." *Id.*

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise stated.

## BACKGROUND

¶ 2. Sturdivant pled no contest to one count each of first-degree sexual assault of a child and second-degree sexual assault of a child. Sturdivant was sentenced in July 2006. On the first-degree sexual assault, which occurred in July 2002, the circuit court imposed a thirty-year sentence consisting of twenty-five years of initial confinement followed by five years of extended supervision. On the second-degree sexual assault, which occurred in November 2005, the court withheld sentence and ordered twenty years' probation to be served consecutive to the thirty-year sentence already imposed.

¶ 3. Sturdivant subsequently concluded that the sentence imposed for the July 2002 assault was illegal under TIS-I. WISCONSIN STAT. § 973.01(2)(d) provided in relevant part: "The term of extended supervision that follows the term of confinement in prison may not be less than 25% of the length of the term of confinement in prison . . . ." Here, the five-year extended supervision portion of Sturdivant's sentence was twenty percent of the twenty-five year confinement term. Sturdivant moved for resentencing.

¶ 4. The circuit court granted Sturdivant's motion and set a new sentencing hearing for April 5, 2007.[3] At resentencing, the court noted that it had reviewed the original sentencing transcript and addressed Sturdivant as follows:

> I don't see you any different today . . . quite frankly the only reason you are back here is because I did not give

---

[3] The disposition associated with the second-degree sexual assault, twenty years of probation to be served consecutive to the bifurcated sentence, was not challenged and did not change at resentencing.

you 6.5 years of extended supervision above the 25 [years of initial confinement] and I blame myself for that. Nothing in my opinion is different today than every word I said in that sentencing back on July 14 of 2006.

The public is a better place because you are incarcerated, and there is no way that I am going to change the sentence that I originally gave you for all of the reasons and I am going to incorporate everything I said [at the original sentencing] because I believe it to be true today.

¶ 5. The court then sentenced Sturdivant to a term of thirty-three years, consisting of twenty-five years of initial confinement and eight years of extended supervision. Sturdivant again moved for resentencing, arguing that the increase in his sentence from thirty to thirty-three years violated his due process rights. He argued that the increased sentence created a presumption of vindictiveness and that he should be resentenced by a new judge.

¶ 6. The court denied Sturdivant's request to be resentenced before a different judge; however, at a second resentencing hearing on October 10, 2007, the court reduced the extended supervision portion from eight years to six and one-half years. In reaching its decision, the court stated:

It is clear to me when I read through the [April 2007] resentencing that my intention was to do exactly what I did but I needed to add some legal time on for the extended supervision and for whatever reason I went with 8 and that was clearly not my intention. My intention was to cover . . . what I thought was 6–1/2.

So I am going to change the 8 to 6–1/2 and so in a sense I am granting the motion in part because I think

202

it was clear that my intention was to give the minimum amount of time on extended supervision because of the probation . . . .

Sturdivant appeals.

## DISCUSSION

¶ 7. Sturdivant renews his argument that when the court increased his original sentence from thirty years to thirty-three years it demonstrated vindictiveness and violated his due process rights.[4] He specifically argues that the circuit court increased his original sentence because of his successful attack on that sentence. Sentencing is a matter of circuit court discretion, and there is a strong public policy against interfering with that discretion. *State v. Harris*, 119 Wis. 2d 612, 622, 350 N.W.2d 633 (1984). However, whether an increased sentence following an offender's successful postconviction motion violates a person's due process rights presents a question of law that we review de novo. *State v. Church*, 2003 WI 74, ¶ 17, 262 Wis. 2d 678, 665 N.W.2d 141.

¶ 8. Due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he

---

[4] Sturdivant insists that he is appealing from the amended judgment that imposed eight years of extended supervision, not from the order that subsequently reduced the term to six and one-half years. The fact remains that the modification order represents the current posture of Sturdivant's sentence. Because the extended supervision portion of the modified sentence exceeds the term required by TIS-I, our analysis of Sturdivant's claim of vindictiveness is relevant to both the judgment and the order.

receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794 (1989). "[W]henever a judge imposes a more severe sentence upon a defendant after a new trial," the reasons for doing so must be free from a retaliatory motive. *See Pearce*, 395 U.S. at 726. Because retaliatory motives can be complex and difficult to prove, the Supreme Court has found it necessary to "presume" an improper vindictive motive. *See United States v. Goodwin*, 457 U.S. 368, 373 (1982). This presumption also applies when a defendant is resentenced following a successful attack on an invalid sentence. *See State v. Carter*, 208 Wis. 2d 142, 154–55, 560 N.W.2d 256 (1997).

¶ 9. The underlying concern of all vindictiveness case law is that a defendant could be punished by a resentencing court for exercising postconviction rights to challenge a conviction or a sentence. *See State v. Martin*, 121 Wis. 2d 670, 687–88, 360 N.W.2d 43 (1985); *Grobarchik v. State*, 102 Wis. 2d 461, 474, 307 N.W.2d 170 (1981). Vindictiveness is not presumed in all cases where a defendant's sentence is increased at resentencing. The presumption stands only where "a reasonable likelihood of vindictiveness exists." *See Goodwin*, 457 U.S. at 373.

¶ 10. Sturdivant offers three factors he believes create a "reasonable likelihood of vindictiveness" to support his argument. First, he emphasizes that the circuit court increased his sentence after he successfully challenged the court's first sentence. Sturdivant observes that his original sentence consisted of twenty-five years of confinement and twenty-five years of supervision (five years' extended supervision followed

by twenty years' probation). He argues that the circuit court could have preserved this dispositional scheme if it had kept the initial confinement at twenty-five years, increased the extended supervision to six and one-quarter years, and reduced the consecutive probation term to eighteen and three-quarter years. In the alternative, the court could have kept the original dispositional scheme of a thirty-year bifurcated sentence if it had reduced the initial confinement to twenty-four years and imposed six years of extended supervision. Because the circuit court did nothing other than increase the term of extended supervision, the argument goes, vindictiveness should be presumed.

¶ 11. Sturdivant directs us to *Church*, for support of his contention that his increased sentence is the result of vindictiveness. In *Church*, our supreme court observed that where the defendant prevailed on a postconviction motion and received a longer sentence upon resentencing, a reasonable likelihood of vindictiveness was "[i]nherent." *Church*, 262 Wis. 2d 678, ¶ 54. The *Church* court considered a line of federal cases addressing the problem of vindictiveness, noting:

> In *Goodwin*, a case involving an allegation of prosecutorial rather than judicial vindictiveness, the Court characterized the *Pearce* rule as "a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *Goodwin*, 457 U.S. at 374. The Supreme Court explained in *Goodwin* that the presumption is necessary because "[m]otives are complex and difficult to prove." *Id.* at 373. Because of this difficulty in proving that a harsher sentence was actually motivated by vindictiveness, the Court stated that "in certain cases in which action detrimental to the defendant has

205

been taken after the exercise of a legal right, the Court has found it necessary to 'presume' an improper vindictive motive." *Id.*

*Church*, 262 Wis. 2d 678, ¶ 34.

¶ 12. The State responds that a harsher sentence does not always signify vindictiveness, and it directs us to *Texas v. McCullough*, 475 U.S. 134 (1986), for support. There, McCullough was tried and convicted of murder. *Id.* at 135. He elected to be sentenced by the jury rather than the judge, as was his right, and the jury imposed a twenty-year sentence. *Id.* at 135–36. The court then granted McCullough's motion for a new trial on the basis of prosecutorial misconduct. *Id.* at 136. McCullough was tried and convicted again. *Id.* This time he elected to be sentenced by the judge, who had presided at both trials. *Id.* The judge sentenced McCullough to fifty years in prison. *Id.* In doing so, the judge stated that two new witnesses at the second trial made the State's case stronger and that new information about McCullough's release from prison only four months before he committed the murder factored into the increased sentence. *Id.* On review, the Supreme Court held that where "there was no realistic motive for vindictive sentencing" and because the "possibility of vindictiveness [was that] speculative," the presumption of vindictiveness was "inappropriate." *Id.* at 139.

¶ 13. We agree with the State that, like the court in *McCullough*, the circuit court here had no realistic motive for vindictiveness because it was the TIS-I requirement that prompted the resentencing. The court, upon being made aware of the invalid sentence, recalculated and imposed a sentence that complied with the percentages required by WIS. STAT. § 973.01(2)(d).

¶ 14. When it resentenced Sturdivant to thirty-three years, the court took into consideration all of the factors from the first sentencing hearing. It specifically noted that it read through the original transcripts and stated that the same concerns about Sturdivant's predatory acts informed the court's decision on resentencing. The court made clear that it still believed Sturdivant deserved the twenty-five years of confinement time as originally ordered. It considered Sturdivant's preference for young victims and his "long history" of predatory behavior as primary sentencing factors. The court also addressed the protection of the public, stating that the community is "a better place" with Sturdivant confined. The court indicated special concern about Sturdivant's attempt to form sports teams for young boys as a way to identify and groom future victims. The court then increased the extended supervision portion of the sentence to comply with WIS. STAT. § 973.01(2)(d). Even if Sturdivant could show a realistic motive for vindictiveness, the sentencing rationale and the requirements of TIS-I overcome the presumption. Objective information in the record justifying the increased sentence or a demonstration that the court is implementing the original sentencing scheme will overcome a presumption of vindictiveness. *See State v. Naydihor*, 2004 WI 43, ¶ 33, 270 Wis. 2d 585, 678 N.W.2d 220; *Carter*, 208 Wis. 2d at 150.

¶ 15. Second, Sturdivant contends that because the first sentence was invalid due to an error "by the very same judge" whose obligation it was to resentence him, the court engaged in "self-vindication" when it imposed the longer sentence. *See Naydihor*, 270 Wis. 2d 585, ¶ 37 (a realistic possibility of vindictiveness exists where court may engage in self-vindication). Again, we

take guidance from *McCullough*. There, the court noted that McCullough's new trial "came about because the trial judge herself concluded that the prosecutor's misconduct required it." *McCullough*, 475 U.S. at 138. Similarly, Sturdivant's new sentence came about because the circuit court judge himself agreed that TIS-I required it. Unlike a judge who has been reversed on appeal, the circuit court judge here had "no motivation to engage in self-vindication." *Cf. Chaffin v. Stynchcombe*, 412 U.S. 17, 27 (1973).

¶ 16. Finally, Sturdivant asserts that because the same judge resentenced him, the court was forced to re-do a sentencing scheme that it did not believe to be wrong in the first place. *See Colten v. Kentucky*, 407 U.S. 104, 116–17 (1972) (judicial vindictiveness less likely where resentencing is by a different court instead of same court "do[ing] over what it thought it had already done correctly"). This argument is refuted by the record. The circuit court acknowledged that its original sentence was invalid under WIS. STAT. § 973.01(2)(d) and, on Sturdivant's motions, it reconsidered the sentence twice. It expressly took "credit" for the mathematical error that created an invalid sentence. In the court's own words:

> This is a circumstance where the law required a certain mandatory extended supervision period of time, and I put all of the reasons on the record why I thought 25 years is the minimum amount of confinement time that was necessary in this case, and I reiterate that again in the resentencing hearing, and I reiterate the fact that I did not think that there was anything less that could be given to Mr. Sturdivant that would be appropriate for all of the reasons that I put into the record.

> And from my perspective the only true way to correct the sentence was to follow what the law said and do the 25 percent.

Furthermore, the court acknowledged the imposition of eight years of extended supervision was erroneous and that it had intended to impose only six and one-half years, which it believed was the minimum necessary to comply with TIS-I. Thus, treating Sturdivant's motion for resentencing as one for sentence modification, the court reduced the overall sentence to thirty-one and one-half years. A new sentence that is longer than the original sentence, when it implements the original dispositional scheme, is not tainted by vindictiveness. *See Martin*, 121 Wis. 2d at 687; *Grobarchik*, 102 Wis. 2d at 474.

¶ 17. As a final matter, we note that in order to comply with TIS-I, Sturdivant's minimum term of extended supervision would be six and one-quarter years. Several times, on the record, the court indicated that it was setting the term of extended supervision at twenty-five percent of the confinement term in order to comply with the law. Sturdivant's current sentence does not incorporate the minimum term of extended supervision required for twenty-five years of initial confinement. Where the record is clear as to the circuit court's intent and the only sentence modification required rests on a mathematical calculation, an appellate court may modify a sentence rather than remanding the matter to the circuit court. *See State v. Walker*, 117 Wis. 2d 579, 584, 345 N.W.2d 413 (1984) (when it is clear what the trial court intended to do, appellate courts have modified a sentence to carry out that intent while bringing the sentence into accordance with the

209

applicable law). We therefore modify the term of extended supervision on Count 1, the first-degree sexual assault, to six and one-quarter years. All other terms of the sentence remain unchanged.

## CONCLUSION

¶ 18. Sturdivant's original sentence did not comply with WIS. STAT. § 973.01(2)(d). The subsequent resentencing and sentence modification stayed true to the original dispositional scheme while bringing the sentence into compliance with TIS-I. However, the circuit court's intent was to impose the minimum amount of extended supervision required by law. To do so, the court should have imposed six and one-quarter years of extended supervision. Accordingly, we modify the sentence and, as modified, we affirm.

*By the Court.*—Judgment and order modified and, as modified, affirmed.